## PEOPLE *ex rel.* WARNER LAKE *vs.* HENRY I. HIGGINS.

Evidence of the intention of persons voting at an election is not admissible. Such intention must be determined from the ballot. Thus, it is not competent to show that a ballot for H. I. Higgins was intended for Henry I. Higgins.

The statute specifying the mode in which ballots shall be kept after the election, must be held directory, merely, and a compliance with its provisions is not essential.

At a general election held in the county of Genesee, on the second of November, 1852, for the office of Judge of Probate of said county, were given the following votes, for the following persons, viz.: For Henry I. Higgins, 1195; for Warner Lake, 1204; for Washington D. Morton, 245; for

Henry L. Higgins, 2; for H. I. Higgins, 7; and for W. Lake, 1. An information was filed, setting forth in the usual form that the defendant had unlawfully entered into and held, &c., the said office of Judge of Probate, and that at said election the relator was elected to said office, and rightfully entitled thereto. The defendant plead admitting the holding of said election and other formal parts of the declaration, but claiming that at said election he received the greatest number of votes for said office, and was duly elected.

An issue of fact was joined on the plea, and sent for trial to the Circuit Court for the County of Genesee, and having tried said issue, said Court found the facts above stated.

By stipulation between the attorneys of the parties, it was admitted that on the trial of said issue, the defendant, among other things, offered to prove by voters that they cast ballots with the name of H. I. Higgins thereon, intending to vote for Henry I. Higgins, for said office of Judge of Probate ; also, other evidence explanatory of the intention of those voting ballots with the name of H. I. Higgins thereon, for said office, and proof of the identity of H. I. Higgins with Henry I. Higgins. To all which, counsel for the relator objected, as inadmissible evidence; the objection was sustained, the testimony offered excluded, and defendant's counsel excepted to the ruling of the Court. The ballots of the townships of Genesee, Davidson and Fenton, in the county of Genesee, were offered in evidence by the relator, on proof that they had been kept by or under the charges of the Township Clerks, respectively, locked up in a ballot box. That of Genesee without the orifice on the top of the box being sealed, and the other townships with a paper sealed over said orifice; the box or ballots were not otherwise sealed up. To this testimony, defendant objected, as inadmissible. The objection was overruled, the testimony admitted by the Court, and defendant excepted to the ruling.

*W. Hale*, Attorney General, and *Wilcox & Gray*, for relator, cited People *vs.* Tisdale, 1 Doug. 59; R. S., p. 45.

*Lothrop & Duffield,* for defendant, cited 1 Man. 362; Peolpe *ex rel* Yates, 8 Cow. 102; James *vs.* Dubois, 1 Harr. 385; Hutchen *vs.* Niblo, 4 Blackf. 148; 22 Pick. 571. Coms. of the Poor *vs.* Gains, 3 Brevard, 306.

By the Court, MARTIN, J.

The Court properly excluded evidence explanatory of the intentions of persons voting for H. I. Higgins, and of the identity of H. I. Higgins and Henry I. Higgins. This question was expressly decided in the People *vs.* Tisdale, (1 *Doug.* 59,) and to that decision we adhere. It is true in the People *vs.* Van Cleve, (*Mann.* 362.) Mundy, J., in delivering the opinion of the Court, says, " you may go to the ballots, *if not beyond* them, in search of proof of the due election of either the person holding, or the person claiming the office." But this remark was not called for in the case, and is *obiter dictum.*

The Court also properly allowed the ballots of the townships of Genesee, Davidson and Fenton to be given in evidence. Whether there had been a substantial compliance with the statute in respect to the manner in which the votes were kept, it is immaterial to inquire, as we are clearly of opinion that this statute must be held directory, and that a non-compliance with its provisions alone, cannot defeat the right of the relator.

[NOTE.—This case was argued and submitted at the May term, 1853, and judgment of ouster, &c., rendered at July term against the defendant.]