# OCTOBER TERM, 1866, AT DETROIT

## Charles Rice and another v. The People.

*Informations in Criminal Cases: When more than one filed: Rights of prisoner: Practice.* The Prosecuting Attorney put on file two informations in the same case, one of which did not contain certain words supposed to be essential in charging the offense, whilst the other was deemed correct. The party was tried on the latter, but the former was copied into the record by the Clerk, in making his return. It was proposed to establish these facts by affidavits. *Held*, that it does not rest with the Prosecuting Attorney to say which shall be considered as the record in the case, but that all doubts on the subject should be solved in favor of the prisoner, *Held*, further, that the return filed in this Court was the proper record on which the argument must be had.

*Jurat signed by initials. Statutory offense, how described.* The information in this case charged defendants below with an assault " with intent to kill and murder," omitting the words "feloniously, wilfully, and of malice aforethought." It was sworn to before the County Clerk, who in signing the jurat gave the initials only of his christian name. *Held*, that the signing by the Clerk was sufficient, and that the decisions in this State under certain election cases, declaring that when such initials were used it was no name, would not be extended to embrace other cases. *Held*, further, that the offense being a statutory one, was sufficiently charged in the words of the statute.

*Heard October 25th.    Decided October 30th.*

Error to Oakland Circuit.

The information in this case charged plaintiffs in error with having assaulted, with intent to kill and murder, one Charles Parsons.    The information was sworn to before the Clerk who signed his name as follows:  " J. D. Bateman, Clerk."

A plea of not guilty was entered.    The jury brought in a verdict of guilty, and sentence was passed.

15 Mich.—B.

The following errors were assigned:

"*First,* That the information is insufficient in this, that it does not charge that said Charles Rice and Harlow Woodard, aforesaid, *wilfully, and with malice aforethought,* intended to kill and murder Charles Parsons, the person upon whom the assault is charged to have been by them, the said Rice and Woodard, committed.

"*Second,* That the said information does not charge them, the said Charles Rice and Harlow Woodard, with the commission of any offense for the commission of which they could or should be, by the laws of the State of Michigan, sentenced to imprisonment in the State Prison; the said information in law being an information for assault and battery only.

"*Third,* That the said information is insufficient in this, to wit: the verification thereto is not authenticated with the name of the Clerk, the person by whom the oath purports to have been administered."

*O. F. Wisner and W. B. Jackson,* for plaintiffs in error.

1. The Statute under which plaintiffs in error were convicted is, " If any person shall assault another with intent to commit the crime of murder, every such offender shall be punished by imprisonment in the State Prison for life, or any number of years." — 2 *Comp. L.* § 5724.

Indictments (informations) for the "crime of murder," must charge that "defendant did wilfully, and of his malice aforethought, kill and murder." — 2 *Comp. L.* § 6047.

We submit that under the statutes, an information for assault with intent to commit the crime of murder, must contain the necessary averments to show that had death ensued, the killing would have been murder.

Malice aforethought is an essential ingredient of the offense of assault with intent to commit murder, hence necessary to be averred in the information. — 2 *Mich.* 212.

In prosecutions for assault with intent to murder, the actual intent to kill must be found, and that under circumstances which would make the killing murder. — *Ibid.*

Now if this be so, it was necessary to prove that plaintiffs in error wilfully and of their malice aforethought intended to kill and murder Charles Parsons; and if necessary to prove it, it must be necessary to aver it.    An indictment must aver everything necessary to constitute the offense. — 5 *Denio*, 76; 13 *Wend.* 311; 31 *Me.* 401; 5 *Ohio State R.* 280; 11 *Humph.* 167.

The information in this case is manifestly insufficient.

In the case in Indiana, this very question arose upon an indictment precisely like the information in this case, and the Court held it properly quashed.    See also — 3 *Eng.* (*Ark.*) 400; 19 *Miss.* (4 *Bennett,*) 212; *Am. Cr. Law*, 399; 1 *Archb. Cr. Law.* 301; 3 *Eng.* 400; 1 *Scam.* 285.

In every precedent to be found of indictments for assaults with intent to commit murder, the words "wilfully," and of "malice aforethought" are contained. — 2 *Archb. Cr. Law*, 1, 19; 3 *Chit. Cr. Law*, 828; *Wharton's Prec.* 119, 125, 126, 127.

2. The information is simply one for assault and battery. — 4 *Park. Cr. R.* 61; *Id.* 187.

3. The information is insufficient, for the reason that the verification thereto is not authenticated with the name of the clerk, the person by whom the oath purports to have been administered.    "J. D. Bateman" is not the clerk.

*A. Williams,* Attorney General, for the People.

1. The judgment cannot now be set aside or reversed for either of said errors assigned upon the information.

*a.* The punishment of said offense being declared by statute, and the information describing it in the language of the statute, it is, after verdict, sufficient. — 2

*Comp. L.* § 6059; 1 *Doug.* 42; *Archb. Cr. Pl. and Ev.* 51 – 2 – 3 – 4; 6 *McLean R.* 56; *Laws* 1849, *p.* 391 – 2.

*b.* The respondents' objections relate to the form, and not to the substance of the information. — 5 *Wend.* 10, 19, 20; *Id.* 425; 3 *Denio,* 212, 213; 8 *Barb. Sup. Ct.* 548, 550, 551; 1 *Archb. Cr. Pl. p.* 118, 2, *Note* 2; *See Form, Bouv. Law Dic.;* 2 *Seld.* 50.

*c.* The objections being to the form of the information, apparent upon its face, it must have been taken by demurrer, or motion to quash the same before the jury were sworn, and not afterwards. — *Comp. L.* § 6055.

Therefore, when the jury were sworn the objection aforesaid, not before having been made by the respondents, as required by the statute, were then waived forever. *Comp. L.* § 6055; 1 *Chit. Cr. L.* 423 *to* 437; 1 *Chit. Pl.* 440, 441; 10 *Mich.* 372.

2. Nor could the information, at any stage of the proceedings, or in any way, in the court below, have been quashed or deemed invalid, or the trial, judgment, or other proceedings thereon be affected by reason of the omission of the following words, to wit: "wilfully and with malice aforethought;" because,

*a.* They are "words of similar import" with the following, to wit: "feloniously" and "with force and arms." *Comp. L.* § 6043; 9 *Met.* 268, 270; 5 *Whart.* 427; *See Webster's Dic.; Bouv. Law Dic.; Burrell's Law Dic.*

*b.* And, also, because they are, at most, "defects or imperfections in matters of form, which" do "not tend to the prejudice of the defendants." Not having been, as they could not be, by reason of their absence, surprised, misled, left in doubt, or lost advantage, either as to the people's case, or the preparation of their defense, their absence constitutes neither a "defect or imperfection in matters of form" which did tend to the prejudice of the defendants. Hence, in nowise was or is there, for

the defendants, advantage to be now taken. — *Comp. L.* § 6043; 2 *Seld.* 50.

3. The word "murder," having acquired a peculiar meaning of its own, is an artistic word; and signifies, and only signifies, the act of unlawfully killing a reasonable creature, with premeditated malice, by a person of the age of discretion. — 2 *Archb. Cr. Pl.* 206, *Note; 5 Bl. Com.* 195.

The information charges the respondent with an "assault * * * with intent * * * to kill and murder." It will be seen that every word in the statutes declaring the punishment of said offense, which has acquired any artistic or peculiar meaning, is used in the information. Thus following the language of the statute is sufficient. — *Comp. L.* § 6059; 1 *Doug.* 42; *Archb. Cr. Pl. and Ev.* 51 *to* 53; 1 *Wharton's Cr. L.* § 364, 469; 1 *Comst.* 379, 382.

4. But in cases where the offense is created, or its punishment declared by statute, the information need not necessarily follow the exact language of the statute. If a word, substituted in the information for one word used in the statute, is equivalent to, or of more extensive signification than the statutory word, and includes it, the information will be good. Indeed, it is sufficient that the information, with reasonable certainty and precision, charges the defendants to have committed or omitted the acts under the circumstances and with the intention mentioned in the statute. — *Archb. Cr. Pl. and Ev.* 51 *to* 54; 1 *Whar. Cr. L.* § 364, 366, 369; 1 *Chit. Pl.* 237, 238, 239.

As a further test, we submit that the information in this case is so full and certain, both as to its form and subject matter, that the respondents might plead their trial and conviction upon it, in bar to any information which might afterwards be filed against them, charging them with the same offense, or simple assault. — 1 *Chit. Cr. L.* 451; 1 *Comst.* 379, 381.

The foregoing positions also answer, if any be needed, the objection contemplated by the third assignment of error touching the verification of the information.

5. The Circuit Court being a court of general jurisdiction ( *Sec.* 8, *Art.* 6, *Const. of Mich.* ), the respondents did, as was their privilege to do, by their plea in bar of not guilty, and going to trial without objection, waive their right to any and all advantage to this, or any other objection that might have been pleaded in abatement, or constituted ground for quashing the information, thus giving the Court ample jurisdiction both as to persons and subject matter. — *Comp. L.* § § 6043, 6055; 2 *Seld.* 50; 1 *Bishop's Cr. L.* § § 650, 649, 672.

6. As nothing to the contrary appears on the record, certainly the presumption for this Court is that the verification of the information was " authenticated with the name of the clerk, the person by whom the oath purports to have been administered ; " for courts will always take judicial notice of its own officers and records, and be bound by them. Till duly amended the record will be conclusive. 1 *Greenl. Ev.* § § 5, 6.

Finally, after verdict, the court is *ex-officio* bound to give such judgment as appears upon the whole record to be proper, without regard to the issue found or confessed, or any imperfection in the prayer of judgment on either side ; for the rule seems to be, that, after verdict, an expression must be construed in such a sense as will sustain the verdict. — ( 1 *Chit. Pl.* 237, 238, 239. ) Enlarged upon as this general rule is by our statutes — ( *Comp. L.* §§ 5724, 6043, 6055, 6059, ) — we fail to see sufficient cause for reversing or setting aside the said judgment.

COOLEY J.

A preliminary question is raised in this case whether the return sent up by the Clerk of the Court below embodies the true record.

It appears from the statement of the Prosecuting Attorney that to protect the people against the consequences resulting from the loss of important papers, he has sometimes placed duplicate informations on file, that if one was lost he might make use of the other; that he did so in the present case, but that while one of them was correct, the other omitted certain words which are supposed to be essential to its validity; that the plaintiffs in error were tried and convicted on the correct information, but that the other was copied into the record by the clerk in making his return; and these facts it is proposed to prove by the affidavits of the Prosecuting Attorney and Clerk.

It can hardly be seriously contended that there can be two informations properly on file in any case; and a prosecuting officer who adopts the practice stated, must be prepared to support his case upon either. It certainly can not rest with him, at any particular stage of the case, to say which shall and which shall not constitute the record; much less can that question be made to rest upon the oral testimony, which must always necessarily be uncertain, as to which of the two happened to be taken up by the prosecuting officer when the prisoner was arraigned or tried. Under the general rule relating to criminal proceedings — that doubts are to be solved in favor of the accused — he has a right to point out and rely upon the defects in either; and the clerk was right in this case in sending up with the return the information supposed to be defective.

This information is in the following words:

"THE STATE OF MICHIGAN, ⎫
   COUNTY OF OAKLAND  ⎬ ss.
                       ⎭

"The Circuit Court for the County of Oakland. Michael E. Crofoot, Prosecuting Attorney for the County of Oakland aforesaid, for and in behalf of the People of the State of Michigan, comes into said Court in the March term thereof, A. D. 1866, and gives it here to understand

and be informed, that Charles Rice, Harlow Woodard and George Hughes, late of the township of Pontiac, in said county, heretofore, to wit, on the twenty-first day of December, A. D. 1865, at the township of Pontiac aforesaid, and in the county aforesaid, with force and arms in and upon one Charles Parsons, then and there being, did make an assault, and him, the said Charles Parsons, then and there did beat, wound and bruise, with intent, him, the said Charles Parsons, then and there, to kill and murder, and other injuries to him, the said Charles Parsons, then and there did, contrary to the statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan.

"MICHAEL E. CROFOOT,

"*Prosecuting Attorney for the County of Oakland.*"

"THE STATE OF MICHIGAN, ⎰
   COUNTY OF OAKLAND.   ⎱ ss.

"Charles Parsons being duly sworn, deposeth and says that he knows the contents of the above information, and he verily believes the same to be true, as therein set forth.

"CHARLES PARSONS."

"Sworn and subscribed before me, at Pontiac, this sixth day of March, A. D. 1866.

"J. D. BATEMAN,

"*Clerk.*"

One objection to this information is, that no name is attached to the jurat.

This objection is based upon certain decisions in this State — *People v. Tisdale*, 1 *Doug. Mich.* 59 ; *People v. Higgins*, 3 *Mich.* 233 — which have laid down the rule in election cases, that ballots which contain only the initials of the person voted for cannot be counted as they are, nor aided by parol evidence. We have no disposition

to make these decisions embrace other cases, nor should we be warranted by authority in doing so.

The principal objection, however, is that the information does not charge the offense to have been committed "feloniously, wilfully, and of malice aforethought," after the common law forms. If the case were to be disposed of exclusively upon the common law authorities, we should find it necessary to examine them with some care before making a decision; but we have no doubt that if the information would be defective as a common law pleading, there is still no necessity for the omitted words under our statute.

The information charges the defendants with an assault with intent to murder. *Murder* is an offense which the law defines; one of the essential ingredients of which is *malice aforethought*. To charge an intent to kill and murder, is to charge an intent to kill under circumstances which would make the killing amount to murder; that is, with premeditated malice. No further words are necessary to inform the accused of the nature of the charge against him; and if more are essential for any purpose, it can only be for technical reasons. The statute, *Comp. L.* § 6043, in express terms has dispensed with the necessity of employing the word "feloniously," or "with force and arms," or "any words of similar import;" by which last phrase we must understand, words employed for similar technical reasons as the words mentioned, and which are not essential to a clear understanding of the charge. But it is not necessary to decide whether this statute would dispense with the use of the words "with malice aforethought," since another statute — *Comp. L.* § 6059 — provides that, "When the offense charged has been created by any statute, or the punishment of such offense has been declared by any statute, the indictment shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describe the offense in the words of the statute."

The offense as described in the statute is, an assault " with intent to commit the crime of murder;" and this is the offense as set out in the information. It is not essential that, in describing the offense, the precise words employed in the statute should be used; other words of equivalent meaning are sufficient — *People v. Kent*, 1 *Doug. Mich.* 42 — except perhaps in cases where certain words of art may by long usage have become indispensable to a description. But in this case the statutory words are employed, and we have no doubt the description of the offense is sufficient as it stands in the information.

We think the judgment of the Court below was correct, and it must be affirmed.

The other Justices concurred.