### TERRITORY, respondent, *v.* LAYNE, appellant.

CRIMINAL PRACTICE. — *The district court has power to appoint a special prosecuting attorney.* — In the case at bar, a special prosecuting attorney was appointed by the court to represent the territory in the absence of the qualified prosecuting attorney from the county. *Held,* that the signature of the attorney so appointed to the indictment was sufficient, and that the case of *Territory* v. *Harding,* 6 Mont. 323, is decisive of the point.

CRIMINAL PLEADING. — *The indictment sufficiently charges an assault with the intent to murder.* — The indictment in the case at bar contained proper allegations of time and venue, and charged the accused in the following language: " On the person and body of one S., with the intent him, the said S., then and there to kill and murder, willfully, unlawfully, maliciously, and feloniously did make an assault with a certain pistol, loaded with powder and leaden balls, . . . . and by means of the powder and balls aforesaid, then and there discharged and fired off, in and upon the body and breast of him, the said S., then and there did inflict a dangerous wound." *Held,* that the indictment sufficiently alleges the facts constituting the assault, and that in adding the assault was made with "the intent to murder," sufficiently defines the crime charged.

CRIMINAL PLEADING. — *When definitions are unnecessary in an indictment.* — The legal definition of the word " murder " is no more necessary in the indictment in this case than the legal definition of the expression "malice aforethought" would be when employed in an indictment to assert that a certain unlawful killing was a murder; and the indictment in this case satisfies the requirements of sections 165 and 170, division 3, Revised Statutes of Montana (secs. 165, 170, div. 3, Comp. Stats. Mont.).

*Appeal from District Court, Beaverhead County.*

J. H. DUFFY, for the appellant.

The indictment cannot support a conviction, for the reason that the intent is not sufficiently alleged. *People* v. *Urias,* 12 Cal. 325; *State* v. *Harris,* 34 Mo. 347; *State* v. *Anthony,* 13 Smedes & M. 253; *Morgan* v. *State,* 13 Smedes & M. 343; *Singer* v. *State,* 11 Ohio, 69; 1 Arch-

bold's Crim. Pr. & Pl. 265, and notes; notes on pp. 266–268, 273, and authorities cited; *State* v. *Neale*, 37 Mo. 468; *State* v. *Malloy*, 34 N. J. L. 410; *Smith* v. *State*, 52 Ga. 88; *Johnson* v. *State*, 35 Ala. 363; 41 Iowa, 316; 60 Ala. 440. The words "malice aforethought" cannot be supplied by intendment. They must be alleged. 1 Whart. 399; 1 Wharton Crim. Law, 8th ed., sec. 641. Charging the intent generally is not sufficient. *Jones* v. *State*, 11 Smedes & M. 315. Indictments under a statute must allege all the facts and circumstances which constitute the statutory offense, and the prosecution must prove them. *Wood* v. *People*, 53 N. Y. 511; *Ike* v. *State*, 23 Miss. 525. The indictment should follow the language of the statute, and expressly charge the offense. *Commonwealth* v. *Turner*, 8 Bush, 2; 1 Whart. 372, and notes.

W. S. BARBOUR, County Attorney, for the respondent. No brief on file.

THE opinion states the case.

BACH, J. The defendant was convicted of an assault with an intent to murder, upon an indictment charging substantially as follows, omitting allegations of time and venue: "On the person and body of one James Sullivan, with intent him, the said James Sullivan, then and there to kill and murder, willfully, unlawfully, maliciously, and feloniously did make an assault with a certain pistol, loaded with powder and leaden balls, . . . . and by means of the powder and balls aforesaid, then and there discharged and fired off, in and upon the breast and body of him, the said James Sullivan, then and there did inflict a serious and dangerous wound," etc.

Defendant now appeals from the judgment, from the order of the court below overruling his demurrer to the indictment, and from an order denying a motion to set aside the indictment, for the reason that said indictment

" is not signed by the district attorney of the second judicial district, or by any other proper and authorized prosecuting officer."

As to the motion to set aside the indictment, the transcript contains an extract from the minutes, in all respects similar to that mentioned in the case of *Territory* v. *Harding*, 6 Mont. 327. In fact, it is the very same order, appointing for certain reasons therein mentioned Robert B. Smith to represent the territory as prosecuting attorney. Upon authority of that order, Mr. Smith acted as prosecuting attorney, and signed this indictment.

The case referred to is decisive upon this point, and the motion to set aside the indictment was properly denied.

The point relied upon, on the appeal from the judgment, is that the indictment will not support the verdict and judgment, which is substantially the same question as that raised by the demurrer, which was overruled. The demurrer was based upon the grounds following: " 1. That the acts constituting the offense are stated in an ambiguous and uncertain manner; 2. That more than one offense is charged in said indictment; 3. That the facts stated do not constitute a public offense."

The indictment is neither ambiguous nor uncertain, and it does not state more than one offense. It states certain alleged facts fully and clearly, perhaps describing with unnecessary fullness the acts complained of, and which constitute the assault alleged therein; but the one crime charged is the crime of an assault with intent to murder. This the counsel for defendant admit by relying in their brief upon the third ground stated in the demurrer. Counsel for appellant seems to conclude that the words " willfully, unlawfully, maliciously, and feloniously," are used in the indictment to qualify and define the words " with intent . . . . to kill and murder." We are of opinion that the former words are used to define

and qualify the words " did make an assault "; that is to say, we think the pleader meant to define the act of assault, and not the intent to kill. At all events, the appellant does not suffer from that interpretation; and, as we look at it, the indictment presents this question, When an indictment, after stating time and place, alleges that the defendant feloniously made an assault upon A B (stating the facts constituting the assault), with the intent then and there to kill and murder the said A B, does it contain facts sufficient to constitute a public offense?

In this territory, the unlawful killing of a human being is either murder or manslaughter. If to an indictment properly and fully alleging an unlawful killing, the words " malice aforethought " are properly added, then the indictment charges murder; if the other necessary words are added, then the indictment would charge murder in the first degree. The indictment need not, however, undertake to define the legal signification of the words " malice aforethought," which have a meaning quite as technical as do the words " intent to murder " in the indictment which we are considering. But when an indictment charges an unlawful killing, and further defines the killing by the technical words " malice aforethought," it contains the description of a killing which, by our statute, is declared to be murder, and it informs the defendant that he is charged with the crime of murder. So in our statutes, we have different kinds of assaults, and if an indictment alleges the facts constituting an assault, and in addition thereto alleges that the assault was made with " the intent to murder," it contains a full description or definition of a crime declared by our statutes to be " an assault with the intent to murder."

The word "murder," in such an indictment, has a technical and statutory definition. It means a killing

of a certain kind, as declared by our statute; and that definition and meaning are presumed to be known. The legal definition of "murder" is no more necessary to such an indictment than is the legal definition of the expression "malice aforethought" necessary, when those words are used to assert that a certain unlawful killing was a murder. In either case, the defendant is fully apprised of the nature of the crime charged against him, as those crimes are defined by our statute; and in that respect the indictments satisfy the requirements of the Criminal Practice Act contained in section 165 and in section 170 of said act. The former section declares that an indictment must contain "a statement of the facts constituting the offense," and section 170 declares that an indictment is sufficient when the "offense charged is clearly set forth in plain and concise language."

The sections are similar to certain sections of the laws of Texas and of other states. In the case of *Martin* v. *State*, 40 Tex. 19, the indictment charged that the defendant did commit an assault upon the body of one Ed. Martin, with a pistol, etc., "with the intent him, the said Ed. Martin, to willfully, maliciously, and of his malice then and there to kill and murder"; and counsel for the accused sought to maintain that the indictment was fatal, because the word "aforethought" was not inserted. The learned judge writing the opinion (Mr. Justice Gray) says: "An assault and a murder are defined in other articles by stating what acts and purposes constitute those offenses. Their meaning is definite and well understood. To constitute murder, the killing must have been done with malice aforethought; and in an indictment for murder that intent must doubtless be alleged, for the simple reason that it is so defined in plain language in the code. The charge of an assault with intent to murder clearly conveys to the mind that the party charged did make an attack upon the party

assaulted, under circumstances constituting the offense of an assault, and that he did so under the circumstances constituting the offense of murder; that is, the intent to kill with malice aforethought.   If the language of the code in defining this offense is in plain language enough to be clearly understood, then it would seem to follow that, an indictment charging a party in that language must be deemed to be in plain and intelligible words, and a sufficient compliance with the law."   See also *Mills* v. *State*, 13 Tex. App. 487.

In *People* v. *Vallerino*, 66 Cal. 229, it was held that an information charging the defendant with having "feloniously assaulted one Raphael Soto with a deadly weapon, with intent to kill and murder him, the said Soto," sufficiently stated the crime of an assault with intent to murder.   This case practically overrules the case of *People* v. *Urias*, 12 Cal. 326, cited by appellant.

In the case of *Commonwealth* v. *Doherty*, 10 Cush. 53, it was held that an indictment charging the statutory crime of breaking and entering a dwelling-house, with intent to commit rape, need not technically set out the crime of rape; that it was sufficient to allege the breaking and entering the house " with the intent to commit the crime of rape."   See also *Rice* v. *People*, 15 Mich. 9.

We are of the opinion that the demurrer was properly overruled, and that the indictment fully sustains the verdict and judgment.

The judgment and the order appealed from are affirmed.

                                        *Judgment affirmed.*

McCONNELL, C. J., and McLEARY, J., concur.