OTT *v.* BRISSETTE.

ELECTIONS—BALLOTS—ERROR IN NAME.

Where the name of Christian Ott is erroneously printed O. H. Christian on a township ticket, and several ballots are cast before the mistake is discovered and corrected on the remainder of the official ballots, Ott is not entitled to have votes cast for Christian counted for him, though no person by that name resides in the township, and the copy of the ballot was not filed for two days, as required by 1 Comp. Laws, § 3660.

Error to Bay; Shepard, J. Submitted October 4, 1904. (Docket No. 215.) Decided October 7, 1904.

Quo warranto proceedings by Christian Ott against Peter Brissette to try the title to the office of supervisor of Kawkawlin township. There was judgment of ouster, and respondent brings error. Reversed.

This is an action of quo warranto to test the title to the office of supervisor for the township of Kawkawlin. The facts are stipulated. Two tickets were named; one known and headed as the "Kawkawlin Township Ticket," and the other known and headed as the "Citizens' Ticket." The respondent was candidate for supervisor on the Township ticket; the relator was a candidate for supervisor upon the Citizens' ticket. There were no other candidates. Relator's name as Christian Ott was regularly certified to the board of election commissioners by the chairman and secretary of the caucus which nominated him. The ballots were prepared by the clerk of the board of election commissioners, and sent to the printer with the name of Christian Ott thereon. The printer read the name of Christian Ott as "Christian O. H.," and printed the name on the ballot as "O. H. Christian." No copy of said ballots was on file with the township clerk for two days, as required

by law. The relator did not call at said office to examine the proof. The ballots were printed, wrapped in paper, and tied securely and sealed, and delivered to respondent, who was then supervisor, and by him delivered to the inspectors of election at the opening of the polls.

After 22 persons had voted, the name of " O. H. Christian " was discovered to be upon the ballots, instead of the name of "Christian Ott." The board seemed to concede that there was a mistake, and erased the name of O. H. Christian on the remaining ballots, and placed thereon "Christian Ott." The name of O. H. Christian did not appear upon the ballot list or registration list, and no person by that name was known in the township of Kawkawlin. When the votes were counted, Peter Brissette had 174 votes, Christian Ott 167, and O. H. Christian 12 votes. The board declared Christian Ott elected. Respondent demanded a recount, which was had, and on such recount respondent was declared elected. The relator thereupon instituted this suit.

*Lewis P. Coumans* (*Pierce & Kinnane*, of counsel), for appellant.

*Albert McClatchey* (*Chester L. Collins* and *Horace Tupper*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). The sole question is whether the 12 votes cast for " O. H. Christian " should be counted for Christian Ott. The name " Christian Ott " is not idem sonans with "O. H. Christian." The names are as distinct as two names possibly can be.

It is conceded that under the decisions prior to the adoption of the present quasi Australian ballot system these 12 votes could not be counted for relator. *People* v. *Tisdale*, 1 Doug. 59; *People* v. *Higgins*, 3 Mich. 233 (61 Am. Dec. 491); *People* v. *Cicott*, 16 Mich. 283 (97 Am. Dec. 141); *People* v. *McNeal*, 63 Mich. 294 (29 N. W. 728); *Andrews* v. *Otsego Probate Judge*, 74 Mich. 283 (41 N. W. 923).

These cases exhaustively discuss the reasons why neither boards of election nor the courts can enter into evidence to determine that votes for different names were in fact intended to be for but one person. Does the Australian ballot system change the rule? The argument in behalf of relator is that, inasmuch as he had nothing whatever to do with the printing of his name, but that the placing of his name is regulated by law, therefore he cannot be deprived of votes by the action, either fraudulent or innocent, of those whose duty it is to report the proceedings of the caucus and to print the name upon the ballot. If relator's contention be correct, it follows that, if his name had not been printed upon the ballots at all, still the ballots should be counted for him; or, if the mistake had not been discovered, and all the ballots had been cast for O. H. Christian, still they must be counted for him. This would assume that every one who voted the Citizens' ticket would have voted for the relator. It would assume —which is unusual—that every member of relator's party would have voted for him. We must assume, in order to sustain the relator's right to the office, that every one of the 12 men who voted for O. H. Christian would have voted for Christian Ott. A voter might know Christian Ott, and be unwilling to vote for him, but an elector might be willing to vote for any other man, and, though not knowing O. H. Christian, might vote for him. Courts cannot assume, under such circumstances, that such votes would have been cast for relator. The law makes ample provision to secure the correct printing of the ballots. Section 3660, 1 Comp. Laws, requires that "the proof copy of the ballot shall be open to the inspection of the chairman of each committee at the office of the township clerk * * * not less than two clear secular days before such election." Had the proper officials filed this proof, and had the chairman of the committee examined it, no such mistake would have been possible. We are glad to state that it is conceded there was no intentional fraud on the part of any one.

We think the repeated decisions of this court in such cases are not supplanted by the Australian ballot system, and that the reason why neither boards nor courts can enter into a determination of the intention of the voters any further than appears upon the face of the ballot remains undisturbed by the present system of voting.

Judgment reversed, and entered in this court for respondent.

The other Justices concurred.