PETRIE *v.* CURTIS

1. ELECTIONS — WRITE-IN BALLOTS — REQUIREMENTS — "CHRISTIAN NAME".

Write-in ballots which do not contain the "Christian name" of the candidate are invalid.

2. ELECTIONS — WRITE-IN BALLOTS — REQUIREMENTS — "CHRISTIAN NAME".

Write-in ballots containing only the surname of the plaintiff candidate could not legally be considered votes for him where they lacked the candidate's "Christian name".

3. ELECTIONS — WRITE-IN BALLOTS — REQUIREMENTS — "CHRISTIAN NAME" — POLICY.

Precedential case law that write-in ballots are invalid if they do not contain the write-in candidate's "Christian name", although permitting the electorate's intent to be frustrated, is binding upon the Court of Appeals until the Michigan Supreme Court holds otherwise.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 26 Am Jur 2d, Elections § 257 *et seq.*

Appeal from Antrim, Charles A. Wickens, J. Submitted Division 3 March 3, 1971, at Grand Rapids. (Docket No. 10120.) Decided March 29, 1971. Leave to appeal granted, 385 Mich 754.

Complaint for *quo warranto* by Bryce Petrie against Robert Curtis, contesting defendant's election to the office of sheriff. Summary judgment ousting defendant from office and declaring plaintiff legally entitled to be sheriff. Defendant appeals. Reversed.

*Glenn Aylsworth,* for plaintiff.

*Zerafa & Zerafa* (by *Robert J. Kievit*), for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

BRONSON, J. Plaintiff, Bryce Petrie, after being granted leave to file a *quo warranto* proceeding in Antrim County Circuit Court, filed a motion for summary judgment. The motion sought to have defendant, Robert Curtis, ousted from the office of Sheriff of Antrim County and have plaintiff declared the person legally entitled to the office. The court granted plaintiff's motion for a summary judgment. Defendant appeals as of right to this Court from the trial court's order.

The uncontroverted facts, as set forth in plaintiff's affidavit filed with his motion for a summary judgment, can be briefly stated. Plaintiff, as a write-in candidate, opposed defendant in the general election held November 5, 1968, for the office of Sheriff of Antrim County. Although a recount indicated that plaintiff lost the election by a total

of 98 votes, the County Board of Canvassers refused to count an additional 140 votes as representing valid write-in votes for plaintiff because plaintiff's name was not properly designated. Specifically, 132 of the disqualified votes simply designated a vote for "Petrie"; two votes designated "Bryan Petrie"; three votes, "Petry"; one vote, "Petrie, B."; one vote, "B. L. Petrie"; and a final vote for "Pettries".

Plaintiff further stated in his affidavit that "Petrie" is not a common name in the county and that no other male person named "Petrie" was a candidate for public office in the election; that plaintiff was juvenile officer of the county probate court and well known to the voters; that plaintiff's write-in campaign was widely publicized locally; and that plaintiff believed that all 140 uncounted votes referred to were intended for him.

The circuit court ruled that the 132 votes designated "Petrie" logically could refer only to plaintiff and pursuant to GCR 1963, 117.2(3) granted plaintiff's motion for a summary judgment. The court's order provided for the ouster of defendant, Robert Curtis, and declared that plaintiff was legally entitled to hold the office of Sheriff of Antrim County. Plaintiff is presently serving in the position.

For reasons about to be stated, we hold that the trial court erred by counting the 132 ballots marked "Petrie" as valid votes for plaintiff, Bryce Petrie. We need not comment on the remaining eight votes since our determination of their validity or invalidity would not affect the outcome of the election.

Under established Michigan law, write-in ballots which do not contain the "Christian name" of the candidate are invalid. *People, ex rel. Attorney General,* v. *Tisdale* (1843), 1 Doug (Mich) 59; *People, ex rel. Lake,* v. *Higgins* (1854), 3 Mich 233;

*People, ex rel. Williams,* v. *Cicott* (1868), 16 Mich 282. Since the 132 ballots contained the surname "Petrie" only, and did not contain plaintiff's "Christian name", "Bryce", they could not legally be considered votes for the plaintiff.

The rule established by Michigan case law, which may permit the intent of the electorate to be frustrated by a mere technicality, as evidenced by the instant case, appears to be contrary to the rule in every other jurisdiction. See 26 Am Jur 2d, Elections, § 268 p 96; 86 ALR2d 1025.

Our view on the issue is similar to that of Chief Justice COOLEY, as expressed in his dissenting opinion in *Cicott, supra,* p 317:

"I regret that my brethren are disposed to still follow the case of *People* v. *Tisdale,* 1 Doug (Mich) 59, notwithstanding the majority are of opinion that it is unsound in principle. The case has no support, as I think, either in the authorities or in the analogies of the law, and no court outside the state has ever followed it. It is true, as my brethren have remarked, that it lays down a rule easy of application, and one that is no more unfair to one candidate than to another; but it does not seem to me to be sufficient reason for retaining an unsound rule that it is impartial in its infliction of injustice. In every case where it becomes important to apply the rule at all, it has the effect to defeat the clearly expressed will of the electors."

Although we are deeply disturbed by a rule which effectively disenfranchised 132 voters on a mere technicality, we are, nevertheless, bound by precedent, however ancient. But what was done by our Michigan Supreme Court in 1843 can be undone by our Michigan Supreme Court in 1971.

Judgment reversed. No costs.

All concurred.