THE PEOPLE EX REL. ATTORNEY GENERAL *v.* VAN CLEVE.

A statement of the number of votes given at an election for the respective candidates, required to be made out and filed in the county clerk's office, by the board of county canvassers, is prima facie evidence only of the facts stated in it. The county canvass may be corrected by the township canvasses, and these by the ballots themselves.

The determination of the board of county canvassers of the persons elected, is prima facie evidence only of their election.

The People *v.* Van Cleve..

A party may go behind the canvass to the ballots, if not beyond them, to show the number of votes cast for him.*

The duties of the board of canvassers are wholly ministerial.

All it is necessary to state in a plea of title to an office, to an information in the nature of a quo warranto, is, the authority for holding the election, the holding of it, and that defendant received the greatest number of votes for the office.

THE attorney general filed an information, in the nature of a quo warranto, against the defendant for exercising the office of judge of probate for Washtenaw county. The plea of the defendant, which is too long to be given at length, stated, among other things, that notice of a general election for said county, at which a judge of probate was to be elected, was given by the sheriff as required by law, and that such election was held on the day mentioned in the notice, and that at such election defendant was, by the greatest number of votes given in the several townships of the county, elected and chosen judge of probate for the county for the term of four years. It then stated a meeting of the board of county canvassers, and that they made out a statement of the whole number of votes given for judge of probate for the county, and that, on examining the original statements, or certified copies thereof, and ascertaining the number of votes given in the county at such election for county officers, and among them for judge of probate, they determined, conformably to the original statements certified by the several boards of inspectors of the townships in such county, or certified copies thereof, that the defendant was, by the greatest number of votes given in said county at such election for judge of probate, duly elected to said office: that they caused such determination to be subscribed, certified and attested by their chairman and secretary, and to be annexed to the statement of votes made out by them, and to be recorded with such statement, by the county clerk, &c., and that defendant had taken the oath of office. The plea did not aver that, by the statement of votes for judge of probate made out by them, it appeared defendant had the greatest number of votes, and that thereupon they determined he was elected. Neither did it aver that any sufficient statements of votes were made out in due form of law, by the inspectors of the town-

---

* *Vide* The People *v.* Tisdale, 1 Doug. Mich. R. 59.

ship elections, nor that such statements ever reached the county clerk's office. The attorney general demurred, and the defendant joined in demurrer.

*Lothrop, attorney general,* for the people.

*J. M. Howard and Barstow,* for defendant.

*By the court,* MUNDY, J. The main objection to the plea, is, that it is not averred that, by the statement made out by the county board of canvassers, it appeared that the defendant had the greatest number of votes, and that thereupon the board determined that he was elected. The objection involves an inquiry into the materiality of such averment, an inquiry to be solved by a just view of the effect which this tabular statement of the board has upon the title of the defendant to the office. There is no doubt, that he must in his plea show a good title: but if we shall come to the conclusion that that title is in no wise affected by any act or omission of the board (the defendant having their certificate of his election, and having taken the oath of office and entered upon its duties), the materiality of such averment cannot be sustained.

The very ingenious argument of the attorney general seemed to me to be based upon the supposition that the determination of the board was somewhat in the nature of a judgment at law, binding and conclusive, and that it afforded the only evidence of the rights of the contestants for this office; for, from the information, it does appear that Elias M. Skinner claims title thereto; and that such judgment must be based and appear to be based upon this statement as the finding of the board, as a judgment at law is rendered upon the verdict of the jury. But no such conclusive effect is given by the statute to this determination of the board, nor to the statement of the board, upon which it may properly be said to be founded.

The whole scope of the statute goes to show that this statement is but *prima facie* evidence: that in every contested election you may go behind it: that the county canvass may be corrected by the township canvasses; and that these may be corrected by the ballots themselves. A contested election is not to be decided by what does or does not appear in any of these statements.

This is evident from sec. 8 of ch. 6, R. S., p. 45, which directs that

" the inspectors shall preserve a true copy of all ballots rejected as defective, with the originals attached, and deliver the same to the township clerk, to be filed in his office, and the other ballots they shall seal up and deliver to said clerk, who shall keep the same in his office, until the next general election, subject only to the inspection of the proper authorities in case of a contested election." The preceding section provides for the filing and preservation, in the respective township clerks' offices, of the statements of the township canvassers.

If, then, the statement of the county board is not conclusive upon the rights of the contestants, any averment in the plea, that it appeared from such statement that the defendant had the largest number of votes, would be an immaterial averment. The election of the defendant and his title to the office depend upon his having received the largest number of votes given for the office, and this title is properly set out in the plea.

All that is said about the proceedings of the county board is immaterial: it may be struck out as surplusage, and will not vitiate even on a special demurrer. 1 Chitty's Pl. 229. The precedents in Wentworth, and there is a large collection of them, go to show that all that is necessary for the defendant to state in showing title, is the authority to hold the election, the holding of it, and that the defendant received the largest or the requisite number of votes. All this is properly averred in the plea in this case, with the further averments of the determination of the county board of canvassers in his favor, their certificate of his election, and his qualification by taking the oath of office.

The other objections to the plea, that it does not aver that any sufficient statements were made out in the requisite form by the inspectors of the township elections; or, that they ever reached the county clerk's office, as well as the one before noticed, are based upon the supposition that the defendant's title may depend upon the regularity of the proceedings of the boards of canvassers; and that, to establish his title, he must set out and show a strict fulfilment of their duty by these several boards.

The answer to this is, it seems to me, to be found in those provisions of the statute before referred to, which show that you may go behind all these proceedings—that you may go to the ballots, if not beyond them, in search of proof of the due election of either the person hold-

ing, or the person claiming the office. And this is as it should be. In a republican government, where the exercise of official power is but a derivative from the people, through the medium of the ballot box, it would be a monstrous doctrine that would subject the public will and the public voice, thus expressed, to be defeated by either the ignorance or the corruption of any board of canvassers.

The duties of these boards are simply, ministerial: their whole duty consists in ascertaining who are elected, and in authenticating and preserving the evidence of such election. It surely cannot be maintained that their omissions or mistakes are to have a controlling influence upon the election itself. It is true that their certificate is the authority upon which the person who receives it enters upon the office, and it is to him *prima facie* evidence of his title thereto; but it is only *prima facie* evidence.

If an issue had been made, as it well might have been, by a replication denying that the defendant was, by the greatest number of votes given in the several townships of the county of Washtenaw, elected judge of probate, the very fact which the attorney general supposes he would have been able to show, if the plea had contained an averment that it appeared from the statement of the county board of canvassers that the defendant had the largest number of votes, upon which he could have taken issue, might have been shown by him, if such statement would show it. So that the view which I have taken of this plea, does not deny the people the advantage of any evidence properly within their reach.

The view which I have taken of the effect of the statement of the county board, is fully sustained by the opinion of the supreme court of the state of New York, in the cases of the People *v.* Ferguson, 8 Cowen 102; and the People *v.* Vail, 20 Wendell 14.

In the case of the People *v.* Ferguson, it was held, notwithstanding the determination of the canvassers in favor of the defendant, that the court and jury could look even beyond the ballot boxes, and inquire whether votes given for H. F. Yates were not intended by the voters for Henry F. Yates. In the case of the People *v.* Vail, Justice Bronson, delivering the opinion of the court, said: "The decision of the canvassers was conclusive in every form in which the question could arise, except that of a direct proceeding by *quo warranto*, to try the

right. But to hold it conclusive in this proceeding, would be nothing less than saying, that the will of the electors, plainly expressed in the forms prescribed by law, may be utterly defeated by the negligence, mistake, or fraud of those who are appointed to register the results of an election."

The demurrer must be overruled, with leave for the attorney general to reply.

*Demurrer overruled.*