## W. H. DOREY v. T. W. LYNN.

1. ELECTION CONTEST; *Ballots, the Best Evidence.* In an action in the nature of *quo warranto*, to determine which of two persons is elected to a certain office, the ballots cast at the election, where they can be properly identified, are the best evidence and much better and more reliable than a mere abstract or summary of the same made by the election officers.

2. IDENTIFYING BALLOTS; *Illegal Acts of Canvassers.* Where an election is held in a certain ward of a city for the election of councilman, and the judges and clerks of the election count the ballots and place them in a sealed envelope, and then place the envelope with the ballots in the ballot box, and seal the ballot box and deliver the same to the city clerk, in whose custody they remain until the trial is had in the case, and this is shown by the testimony of witnesses beyond all reasonable doubt, *held,* that the ballots are sufficiently identified and are controlling, although the city council while acting as a board of canvassers did, in the presence of the city clerk, illegally open the envelope containing the ballots and count them.

*Error from Bourbon District Court.*

AT the September Term, 1883, the defendant *Lynn* recovered a judgment against the plaintiff *Dorey*, who brings it here for review. The opinion states the case.

*S. W. Blodgette*, and *W. W. Martin*, for plaintiff in error.

*J. D. McCleverty*, and *J. H. Sallee*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of *quo warranto*, brought in the district court of Bourbon county,

by W. H. Dorey against T. W. Lynn, for the purpose of having the question determined, which of the two, Dorey or Lynn, was elected to the office of city councilman for the second ward of the city of Fort Scott, a city of the second class. The election was held on April 3, 1883, and either Dorey or Lynn was unquestionably elected to said office. The case was tried by the court without a jury, and the court found in favor of the defendant and against the plaintiff, and rendered judgment accordingly. The plaintiff brings the case to this court.

It appears from the evidence and the findings of the court below that the election was conducted regularly and properly, and that returns thereof were made to the county clerk and to the city clerk, by sending to the county clerk, under seal, one of the poll books, and by sending to the city clerk the ballot box, the ballots cast, sealed up in an envelope, and the other poll book, both the ballots and the poll book being sealed up in the ballot box. On April 6, 1883, the city council met as a board of canvassers, as required by statute, (Comp. Laws of 1879, ch. 19, § 18,) and canvassed the returns made to the city clerk. Finding that the tally sheet from the second ward was blotted, and not in a very satisfactory condition, the canvassing board opened the envelope containing the ballots, and counted the ballots. The returns of the judges and clerks of the election showed that Dorey received 144 votes, and Lynn 140 votes; but the ballots, as counted by the canvassing board, showed that Dorey received only 138 votes, and Lynn 140 votes; and there were some scattering votes. Lynn was declared to have been elected, and the certificate of election was duly issued to him; and he qualified and took possession of the office.

The only question to be determined in this case is, whether Lynn or Dorey was elected to the said office of councilman. From the evidence and the findings of the court below, we think there can be but little doubt that Lynn was elected, but it is claimed that the evidence showing the same was not competent or proper evidence. Such evidence was mainly

the ballots cast by the voters at said election. But it is claimed that, under the facts of this case, the ballots were not properly preserved or identified, and therefore that the ballots introduced in evidence on the trial were not competent evidence. Now we think the ballots introduced on the trial were identified beyond all reasonable doubt, and were therefore competent evidence in the case. It is true they were sent to the city clerk when probably, under the statutes, they should have been sent to the county clerk. (Comp. Laws of 1879, ch. 36, §§ 8, 26.) It is also true that they were wrongfully opened and counted by the city council as a canvassing board, and it is also true that the ballots remained with the city clerk when in fact they should have been placed in the custody of the county clerk. But as the ballots were identified beyond all reasonable doubt, we think they were competent evidence and are controlling in this case. Whenever the ballots can be properly identified, they are of course the best evidence — much better and more reliable than a mere abstract or summary of the same made by the election officers. The evidence and the findings of the court below show that the ballots in this case were never tampered with in any other manner than as already stated. At the close of the election on April 3, 1883, the judges and clerks counted the ballots, placed them in a sealed envelope, then placed the envelope with the ballots in the ballot box and sealed that, and delivered the same to the city clerk, in whose custody they have remained ever since. However, on April 6, 1883, as before stated, they were taken out of the ballot box and out of the sealed envelope and counted by the city council, which was at that time legally acting as a board of canvassers. Afterward the ballot box was opened and the ballots were shown to the plaintiff, Dorey; but it does not appear that he even touched them, or that any one else ever saw them or touched them until they were counted on the trial of this case.

We think there can be no doubt as to the identity of the ballots in this case, and no doubt as to the number of votes

that each of the parties in this case received. The plaintiff, Dorey, received 138 votes, and the defendant, Lynn, received 140 votes; and there were about a dozen scattering votes.

We think the defendant was duly elected councilman of the second ward of the city of Fort Scott, as found by the court below, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.