Searle v. Clark.

---

### R. H. C. SEARLE v. H. S. CLARK.

*Original Proceedings in Quo Warranto.*

ACTION brought in this court, April 14, 1885, by *R. H. C. Searle*, against *H. S. Clark*. The plaintiff alleged in substance that the defendant was unlawfully holding the office of justice of the peace of the city of Topeka, in Shawnee county, and unlawfully exercising the powers and receiving the fees thereof; that the defendant claimed to have been duly elected to said office on April 7, 1885, for the full term of

4—34 KAS.

two years; but the plaintiff averred that he, and not the defendant, was, on the day aforesaid, duly elected to said office, and that he was lawfully entitled thereto and to receive the fees and emoluments thereof for the full term of two years from the 13th day of April, 1885. Wherefore, plaintiff prayed that —

"The votes cast at said election for the plaintiff and defendant for said office be counted in such manner as the court may direct; that the court make an order for the safe-keeping of said votes and returns until said votes can be counted; and that the defendant be ousted and altogether excluded from said office; that he be adjudged to pay the costs of this proceeding, and that an order be issued by the court requiring the defendant to deliver over to the plaintiff all books and papers in his custody or under his control, belonging to said office."

Upon consideration of the matters presented in the petition aforesaid, the chief justice of the supreme court, on April 14, 1885, made an order to be served upon the city clerk of the city of Topeka, as follows, (title, prefatory matter, and certificate, omitted:)

"That you at once properly seal up all of said ballot-boxes, votes and returns in a safe and secure package or packages, and that you duly stamp the same with your seal of office, and thereupon deliver the same, so done up and sealed, to the clerk of this court, taking his receipt therefor, so that said ballots, votes and returns shall be safely kept in the custody of this court until an order shall be issued for the counting and examination of said votes and returns in the presence of the parties to this action; and this hereof fail not, under the penalty of the law."

The defendant, on May 13, 1885, for answer to plaintiff's petition, said:

"1. For a first defense, this defendant denies each and every allegation therein contained, not hereinafter expressly admitted.

"2. For a second and further defense, this defendant states that at the election held in Topeka on April 7, 1885, he received a larger vote for the office of justice of peace than the plaintiff, than Joseph Reed, than T. H. Bain, than I. W.

Pack, or Charles B. Hawkes, then candidates for that position; that he received a plurality of all the votes cast, was elected to said office of justice of the peace, was officially and duly declared elected, received a certificate of his election, hereto attached, marked 'Exhibit A,' and made a part hereof; gave bond, duly qualified, and is now rightfully exercising the duties of said office.

"3. For a further and third defense, this defendant says, that at said election held in Topeka on April 7, 1885, Joseph Reed, T. H. Bain, I. W. Pack and Charles B. Hawkes each received more votes for the office of justice of the peace than the plaintiff did, and that the plaintiff was not elected to the office of justice of the peace. Wherefore, the defendant asks judgment for his costs in this behalf expended."

The court appointed Wm. Smith, W. R. Hazen and D. C. Nellis, as commissioners to count the ballots cast for the office of justice of the peace in and for the city of Topeka, in Shawnee county, Kansas. On July 13, 1885, the said commissioners filed their report, wherein they stated, among other matters, as follows:

"We have opened the ballot-boxes delivered to us by the clerk of said court, and have counted the ballots therein contained for the office of justice of the peace as aforesaid; and would further report that in the six ballot-boxes we found and counted all of said ballots according to instructions of the court, and the whole number of votes therein found is as follows:

| | | | |
|---|---|---|---:|
| For M. M. Hale, the total number of | | | 1,475 |
| " J. M. Matheny, | " | " | 1,384 |
| " R. H. C. Searle, | " | " | 1,229 |
| " H. S. Clark, | " | " | 1,217 |
| " Thos. H. Bain, | " | " | 915 |
| " I. W. Pack, | " | " | 373 |
| " Charles B. Hawkes, | " | " | 492 |
| " H. J. Canniff, | " | " | 28 |
| " Charles H. Welsh, | " | " | 31 |
| " Joseph Reed, jr., | " | " | 1,197" |

The opinion herein was filed July 14, 1885.

*L. J. Webb,* for plaintiff.

*Rob't A. Friedrich,* and *Waters & Chase,* for defendant.

*Per Curiam:* The ballots in this case have been preserved, and the evidence is conclusive that they have not been changed

or tampered with.   Having, therefore, been identified beyond all reasonable doubt, they are competent evidence, and controlling.   The rule was correctly stated in *Dorey v. Lynn*, 31 Kas. 758, that "whenever the ballots can be properly identified, they are, of course, the best evidence—much better and more reliable than a mere abstract or summary of the same made by the election officers."   Upon a count of the ballots by the commissioners appointed by this court for that purpose, it appears that the plaintiff received at the city election on April 7, 1885, for justice of the peace 1,229 votes, and that H. S. Clark, the defendant, received only 1,217 votes.   Our attention has been called to the ballots that were rejected by the commissioners; these have been carefully and critically examined by the court.   Giving the defendant the benefit of all the ballots of which we have any doubt, the plaintiff still has a majority of six.

It is the opinion of this court that the plaintiff was elected as justice of the peace of the city of Topeka at the city election held in said city on April 7, 1885, and is now entitled to said office, and that the defendant was not elected to said office at said election.   It is therefore the judgment of the court that the defendant be ousted and excluded from the office of justice of the peace of the city of Topeka, and that he be required to deliver over at once to the plaintiff, all books, papers and documents in his custody, or under his control, belonging to the office of justice of the peace of the city of Topeka; and that the plaintiff recover from the defendant all costs in this behalf expended, taxed at $——, for which let execution issue.