JACOB B. SPIDLE V. I. L. McCRACKEN.

ELECTION — *Returns and Ballots as Evidence.* The returns of the election officers are *prima facie* evidence of what they purport to show with regard to the number of votes cast and for whom cast, although the ballots themselves, when properly identified, are still better evidence. But whenever it is shown that the ballots have been wrongfully tampered with, they lose their controlling character as evidence; and when there is nothing but discredited ballots to contradict the election returns, the returns themselves will be held to be conclusive.

*Error from Ness District Court.*

THE opinion states the case.

*J. G. Ibach, J. A. Smith,* and *Rossington, Smith & Dallas,* for plaintiff in error.

*Smith & Berry,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It is urged strenuously by the defendant in error that "the paper filed with the petition in error in this cause, which purports to be the proceedings of an election-contest court, and upon which the plaintiff in error relies for a hearing of his alleged grievances, is without any legal or valid authenticity or the legal attributes that entitle it to be considered by this court;" but passing over the question thus presented, and without deciding it, and to the merits of the case, and considering "the paper filed with the petition in error" for all that it is worth, it does not affirmatively show nor does it appear that any material error was committed either by the district court or by the contest court. This "paper" shows among other things, that Jacob B. Spidle, I. L. McCracken, and others, were competing candidates for election to the office of county commissioner from the second commissioner district of Ness county at the general election held in November, 1888; that the returns of that election from the several election boards show that the following per-

sons received the following number of votes for that office, to wit:

| CANDIDATES. | Highpoint township. | Franklin township. | Johnson township. | Total. |
|---|---|---|---|---|
| J. B. Spidle............................... | 31 | 100 | 11 | 142 |
| I. L. McCracken........................... | 83 | 31 | 41 | 155 |
| Walker ................................... | ...... | 35 | 1 | 36 |
| McClandish................................ | ...... | 20 | 47 | 67 |
| Beck ..................................... | ...... | ...... | 1 | 1 |

That Spidle contested the election as between himself and McCracken; that the contest court before which the contest was tried was composed of S. E. Nicholson, probate judge, and H. M. Kelson and J. R. Berry, as the associate judges; that at the trial, ballots voted at such election were introduced in evidence, which showed that the following number of votes were cast for the following-named persons, to wit:

| CANDIDATES. | Highpoint township. | Franklin township. | Johnson township. | Total. |
|---|---|---|---|---|
| J. B. Spidle............................... | 29 | 113 | 11 | 153 |
| W. S. Beck................................ | 2 | ...... | 1 | 3 |
| Walker ................................... | 10 | 32 | 1 | 43 |
| McClandish................................ | 14 | 17 | 47 | 78 |
| McCracken ............................... | 84 | 24 | 41 | 149 |

Other evidence, however, was introduced, tending to show that the ballots cast in Franklin township had been tampered with and altered, and that the aforesaid ballots as introduced in evidence did not show the actual votes of the people in Franklin township. The finding of the contest court upon this subject is as follows:

"The sealed envelope enveloping said ballots cast at said election at said Franklin township district, was torn open, and said ballots tampered with by some unauthorized person after said sealed envelope and ballots were filed with and in the custody of the county clerk of said Ness county, and that

when said ballots were tampered with as aforesaid and by the same person, the name of the contestee, I. L. McCracken, was erased from seven of said ballots, and the name of the contestor was written thereon instead; and the name of A. J. Walker was erased from three of the said ballots, and the name of the contestor written thereon instead; and the name of said Chas. McClandish was erased from three of said ballots, and the name of said contestor written thereon instead. . . . It is therefore considered by the court that the said ballots cast at the said election in said Franklin township on the 6th day of November, 1888, are not competent or sufficient evidence of right or title as between the said Jacob B. Spidle, contestor, and said I. L. McCracken, contestee, to said office of county commissioner. It is further considered that the poll-books and returns aforesaid of said Franklin township district are *prima facie* and the best evidence of right and title as between the said contestor, Jacob B. Spidle, and the contestee, I. L. McCracken, to said office of county commissioner.

"It is further considered and adjudged that said contestee, I. L. McCracken, was on said 6th day of November, 1888, at said election in the districts of Johnson, Franklin, and Highpoint townships aforesaid, and he is hereby declared, elected to said office of county commissioner for the second commissioner district within and for Ness county, Kansas, for the next regular term thereof."

Upon these and other findings, the contest court found in favor of McCracken and against Spidle, and rendered judgment accordingly; and to reverse this judgment Spidle took the case to the district court upon petition in error, where, on May 17, 1889, the judgment of the contest court was affirmed; and to reverse the judgment of both courts, Spidle has brought the case to this court.

We think there was sufficient evidence to sustain the findings and judgment of the contest court, and no material error is shown to have been committed by such court. The court had the returns of the several election boards before it, and also what purported to be the original ballots cast in each township, including Franklin township; and heard all the testimony with regard to the election in Franklin township and elsewhere, and with regard to the original counting of

the ballots by the election board in Franklin township; and heard evidence showing that Spidle and others were present at such original counting in Franklin township, and that such counting at that time seemed to be correct, and no objection was made thereto, and the ballots as finally presented to the contest court seemed to have been changed and altered.

That the returns of the election officers are *prima facie* evidence of what they purport to show with regard to the number of the votes cast and for whom cast, has frequently been held by this court, and has been so held by every other court to whom the question has been presented, and in the absence of any contradictory evidence, they are conclusive. It has also been held by this court, in the case of *Dorey v. Lynn*, 31 Kas. 758, 760, and in other cases, that whenever the ballots cast at an election can be properly identified, they are the best evidence, and much better and more reliable than a mere abstract or summary of the same made by the election officers; but whenever it is shown that they have wrongfully been tampered with, as has been shown in the present case, they lose their controlling character as evidence. (*Hudson v. Solomon*, 19 Kas. 177, 187; *Coglan v. Beard*, 2 Pac. Rep. 737.)

And where there is nothing else than discredited ballots to contradict the returns, the returns will be held to be conclusive.

The judgment of the court below will be affirmed.

All the Justices concurring.