[No. 1422.]

HENRY SCHNEIDER, PLAINTIFF AND APPELLANT, *v.* C. E. BRAY, DEFENDANT AND RESPONDENT.

1—PLEADING, SUFFICIENCY OF—ON MOTION TO QUASH—RULING OF COURT BELOW, FOLLOWED BY APPELLATE COURT.—Where, on a motion to quash which amounted to a demurrer, the trial court held the complaint sufficient, justice requires that the appellate court should do the same, as otherwise the pleader would lose all right of amendment.

2—ELECTION—CONTESTED—BALLOTS AS EVIDENCE.—In a contested election case the trial court ruled that plaintiff must prove that the ballots had been counted for defendant (respondent) which should have been counted for plaintiff (appellant), and that the ballots themselves were "utterly immaterial" as evidence to prove these alleged facts and excluded them and dismissed the case. The ruling that the ballots were immaterial as evidence, and the excluding them, and the order dismissing the case, were all error.

3—SAME—PRIMARY AND CONTROLLING EVIDENCE WHERE THE QUESTION AT ISSUE IS WHICH PARTY RECEIVED THE GREATER NUMBER OF VOTES.—The ballots themselves furnish the primary and controlling evidence as to which party to the contest legally received the greater number of votes.

4—BALLOTS, CONTROLLING AS EVIDENCE.—In order to continue the ballots controlling evidence it must appear that they have been preserved in the manner and by the officers prescribed in the statute, and that while in such custody they have not been so exposed to the reach of unauthorized persons as to afford a reasonable probability of their having been changed or tampered with.

APPEAL from order dismissing proceeding, from District Court, Ormsby county; *Richard Rising*, District Judge.

The facts are sufficiently stated in the opinion.

*Alfred Chartz*, for Appellant:

This appeal involves two points: (1) Are the ballots primary or secondary evidence? (2) What is the proper foundation to lay to make the ballots primary evidence? Section 1561, General Laws, says: "When any election held for any office exercised in and for a county is contested on account of any malconduct on the part of the board, * * * the election shall not be annulled * * * unless the rejection of the vote of such precinct shall change the result as to such office." Section 1563 says: "The district court of the respective districts shall have original jurisdiction to try and determine all such cases, and may by *mandamus* or otherwise obtain all documentary evidence required by either of the parties litigant." Section 1564 says: "No statement of the cause of contest shall be rejected nor the proceedings thereon dismissed by any court before which such contest may be brought for trial for want of form, if the particular cause of contest shall be alleged with such certainty as will sufficiently advise the defendant of the particular proceedings or cause for which such election is contested." All the statute requires is that the opposite party should be sufficiently advised of what to meet that he may not be surprised, and that he may be prepared to meet it if he can. Section 1552 provides who shall keep the ballots. Section 1552 also states: "* * * The poll book, tally list, certified copy of the register, ballot box and ballots thus inclosed and sealed shall, after the canvass of the votes by the board of county commissioners, be deposited in the office of the clerk of the board of county commissioners and preserved until the next general election; * * * *provided*,

*however*, that the ballots so deposited with the board of county commissioners shall not be subject to the inspection of any one except in cases of contested elections, and then only by the judge, body or board before whom such election is being contested." (As amended, Stats. 1879, 117.) There can be no doubt for what purpose the statutes were amended and required the ballots to be preserved for two years. It was to meet and decide just such cases as the case at bar.

If there was any wrongdoing, miscalling of ballots and calling and counting them for Bray, that fact lies solely in the breast of the inspectors of the election, precinct No. 2, and in the ballots.

The case at bar was tried before Hon. Richard Rising in exactly one minute by the watch. The summary manner in which it was dismissed is shown by the statement. The honorable court could have entertained no doubt whatever as to the correctness of his position, but let us see the terrible clash between the opinion of the honorable court and the statutes and Justice Stephen J. Field, while judge of the supreme court of California, and Judge McCreary, and other authorities. Section 1564, Gen. Stats., says: "No statement of the cause of contest shall be rejected, nor the proceedings thereon dismissed, by any court before which such contest may be brought for trial," etc. Section 1562 provides for the character of statement under which any elector may come into court and be heard.

Formerly ballots were destroyed in Nevada as well as in California. In *Searcy* v. *Grow*, 15 Cal. 118, similar proceedings were instituted, defendant moved to dismiss as in this case, motion overruled, defendant declined to answer and the court rendered judgment annulling the election of defendant, and defendant appealed. Justice Field said: " In this respect the ruling of the court was clearly erroneous. The public is interested in a contest of this character; it is not a matter solely between the parties to the record, etc."

In *Lord* v. *Dunster*, 79 Cal. 477, brought into court under a similar statement as the case at bar, the court proceeded to count the ballots, the case was appealed and the upper court said: " The public interests imperatively require that the ultimate determination of the contest should in every instance, if possible, reach the very right of the case." How

was it possible to reach the right of this case in one minute? *Vide People* v. *Holden*, 28 Cal. 129, strongly approved of in 19 Kan. 186; *Coglan* v. *Beard*, 65 Cal. 59. In this case the ballots were recounted in the presence of the court.

In the case at bar the honorable court held that it was utterly immaterial to show that the ballots had not been tampered with and had been kept by the proper officers, and added that if the evidence was offered, the court would throw it out on the ground that it was immaterial. What principle of public policy can be subserved by first having to prove allegations by secondary evidence before primary evidence can be introduced in election contests?

Judge McCreary, in his work on Elections, says: "The title of the office rests upon the votes cast and not upon the boards of election" (Sec. 397). See, also, Am. & Eng. Ency. of Law, title "Elections," p. 424; *Hudson* v. *Solomon*, 19 Kan. 126; *State, ex rel. Judge*, 13 Ala. 805; *People, ex rel. Holden*, 28 Cal. 123; McCreary on Elections, secs. 291, 439; Cooley Const. Lim., p. 625. As between the ballots and a canvass of the ballots the ballots are controlling. (19 Kan. 190; McCreary on Elections, sec. 444; 31 Kan. 758; *Dorey* v. *Linn*, 94 Ill. 515.)

*Torreyson & Summerfield*, for Respondent:

The appellant in this case contests the election of Bray on the ground of the malconduct of the inspectors of election in precinct No. 2, alleging in his petition the general allegation that the inspectors were guilty of malconduct in counting votes for Bray which were in reality cast for Schneider, and which were sufficient in number to change the result of the election.

Appellant urges that, from this allegation and upon his showing that the ballots had not been tampered with, he has a right to have the ballots opened and counted, while respondent contends that some showing of fraud must be made before the court will order the ballots to be produced and counted.

The facts set up in the petition are not sufficient to warrant the court in ordering the ballots to be counted. There must be a clear and precise statement of the fact upon which said petition is based, and it must be shown that the result of

the election was changed.   (McCreary on Elections, sec. 402; *Skerrett's Case*, 2 Parsons, 509; *Kneass' Case*, 2 Parsons, 561; *Carpenter's Case*, 2 Parsons, 537, 545; *Whipley* v. *McKune*, 12 Cal. 352, 359–362; Gen. Stats. 1561–64; Leading Cases on Election, Brightley, p. 360.)

It must appear to the court from the face of the petition how and in what manner the result of the election has been changed.   It is not enough to allege that votes have been counted for Bray which were in reality cast for Schneider. The allegation is too general.   The petition states conclusions, not facts from which they are drawn.

By the Court, BONNIFIELD, J.:

Henry Schneider and C. E. Bray were candidates at the last general election for short-term county commissioner of Ormsby county.   Upon the county commissioners of said county making an abstract of the votes, it appeared that the defendant had the highest number of votes cast for said office and he received a certificate of election therefor.

·  This action was brought in the district court of Ormsby county to contest the election of the defendant, on the ground of malconduct on the part of the board of inspectors, or members thereof, of election precinct No. 2.   Such malconduct is alleged, in the plaintiff's statement or complaint, to consist " in calling and counting votes for and in behalf of said C. E. Bray which were in reality cast and should have been called and counted for and in behalf of the plaintiff, and the said board have otherwise failed to count votes cast for and in behalf of said plaintiff, which all of said votes, if correctly called and counted, would have been sufficient in number to elect said plaintiff, Henry Schneider, to said office of county commissioner."

The defendant, by his answer, denies each of the above allegations in the complaint.   The defendant moved the court below to quash the statement or complaint of the plaintiff, on the ground, among others, that it " does not state facts sufficient to warrant the court in hearing any testimony or considering the same."

The motion was denied by the court.   The plaintiff, to maintain the issues on his part, offered to introduce in evidence the ballots cast at election precinct No. 2, and asked

to have them counted. The defendant objected to the introduction of the ballots "on the ground that the same are incompetent, immaterial, and irrelevant, and not tending to prove any issue in the proceeding." The court refused to admit the ballots in evidence, on the ground that they are "utterly immaterial," and ruled that the plaintiff "must first prove that ballots were called and counted for Bray which should have been called and counted for Schneider." The plaintiff, by his attorney, stated to the court: "We have no such evidence, except the ballots themselves, which we now offer for that purpose." The court thereupon ordered the action dismissed, at plaintiff's cost.

This appeal is taken "from the judgment therein made and entered, and ruling excluding evidence offered by plaintiff, and order dismissing the action;" and this ruling and order are assigned as error. That the ballots had not been tampered with, but remained the same as they were when cast, we understand, is not disputed. No suggestion was made to the contrary in the court below, and none has been made in this court.

If the members of the board of inspectors had been examined as witnesses as to whether any ballots cast for Schneider had been called and counted for Bray, they would have, doubtless, testified that the ballots were counted as they were cast, and they would have properly so testified if they were not conscious of making any mistake in the calling and counting, and still an erroneous canvass of the votes might have occurred to the extent of changing the result of the election. While such testimony would be good and satisfactory evidence of the honesty of their intention, it would not be conclusive that the alleged errors in calling and counting had not been committed. The evidence offered by the plaintiff was not to prove the quality of the inspectors' intention, but to establish his alleged facts.

Upon the authority of the *Kneass Case*, 2 Pars. Eq. Cas. 553, cited in respondent's brief, the voters themselves could not have been compelled to disclose for whom they voted, even if their testimony was competent, and the plaintiff had resorted to that character of proof. The court ruled to the effect that it was proper for the plaintiff to prove that "ballots were called and counted for Bray which should have been

called and counted for Schneider," but that he must do this before he would be permitted to introduce the ballots which the plaintiff had offered for the purpose of proving these alleged facts. If such proof had been made *aliunde,* a resort to the ballots would not have been necessary or material.

The public interests imperatively require that the ultimate determination of such contest should in every instance, if possible, reach the very right of the case. It is the wholesome practice of the statute to invite inquiry into the conduct of popular elections. Its aim is to secure that fair expression of the popular will in the selection of public officers, without which we can scarcely hope to maintain the integrity of our political system. (*Minor* v. *Kidder,* 43 Cal. 236; *Lord* v. *Dunster,* 79 Cal. 478.) The true result of the election is the object to be sought. The returns of the inspectors of election are *prima facie* true, but, when the returns are impeached, the ballots are the primary and controlling evidence of the true result.

In the case at bar oral testimony would not have been competent to either prove or disprove the correctness of the canvass of the election inspectors, if such had been offered. That the court below erred in ruling out the ballots offered in evidence by the plaintiff is clear, not only upon reason and from the ordinary rules of evidence that the best evidence of the contents of a writing is the writing itself, but from the authority of the decided cases. That the ballots are the primary and controlling evidence in all cases of election contests based on the ground of alleged errors in the count made by the election officers charged with the duty of canvassing the votes, we are of opinion, is well settled.

In the case of *People* v. *Holden,* 28 Cal. 123, the court say: "In an action brought in the district court to try the right to an office, the list of ballots cast in any precinct, and returned with the poll list and tally paper to the county clerk, is better evidence of the number of votes cast at the precinct, and for whom cast, than the tally list made from them by the officers of the election."

In the case of *Coglan* v. *Beard,* 65 Cal. 58, the court adheres to the rule laid down in 28 Cal., *supra.*

In *Hudson* v. *Solomon,* 19 Kan. 177, the court refer to the case in 28 Cal. with approval, and say: "(1) As between

the ballots cast at an election and a canvass of the ballots by the election officers, the former are the primary and controlling evidence. (2) In order to continue the ballots controlling evidence, it must appear that they have been preserved in the manner and by the officers prescribed in the statute, and that, while in such custody, they have not been so exposed to the reach of unauthorized persons as to afford a reasonable probability of their having been changed or tampered with."

In *State* v. *Owens*, 63 Tex. 261, and *Owens* v. *State*, 64 Tex. 500, the court maintain the same rule.

In *Dorey* v. *Lynn*, 31 Kan. 758, the court say: "In an action in the nature of *quo warranto* to determine which of two persons is entitled to a certain office, the ballots cast at the election, where they can be properly identified, are the best evidence, and much better and more reliable than the mere abstract or summary of the same made by the election officers."

The court, in *Searle* v. *Clark*, 34 Kan. 49, approve the rule in 31 Kan., *supra*.

The supreme court of Alabama, in *State* v. *Judge of Ninth Judicial Circuit*, 13 Ala. 805, decided that "the ballots or votes themselves are higher evidence of the number of votes cast than the certified lists of votes sent by the managers at each precinct to the managers at the courthouse; and, if either party received more votes than were counted for him, the circuit judge should correct the mistake, and count the votes."

In *Kingery* v. *Berry*, 94 Ill. 515, the court say: "When we have before us the very ballots that were cast by the voters, as between the ballots themselves and a canvass of the ballots made by the election officers, the ballots are controlling."

The canvass of the votes by the board of inspectors is *prima facie* evidence of the result of the election, but the canvass may be corrected by the ballots themselves. (*People* v. *Van Cleve*, 1 Mich. 362; Cooley, Const. Lim., 6th ed., 788.)

We find nothing in the *Skerrett Case*, 2 Pars. Eq. Cas. 509, in the *Kneass Case*, Id. 561, in the *Carpenter Case*, Id. 537, or in *Whipley* v. *McKune*, 12 Cal. 352, cited in respondent's brief, contrary to the rule that the ballots are primary and controlling evidence.

Points decided.

In the *Kneass Case* the court say: "The court will not, on a general request, order the ballot boxes to be recounted, without some specific charge or allegation of fraud or mistake."

The questions discussed and decided in these four cases related to the sufficiency of the allegations of the complaint or petition, and not to the competency or materiality of the ballots as evidence; and respondent's attorneys in fact attempted to justify the ruling upon the ground of the insufficiency of the complaint herein. But the only objection to which the complaint is possibly open is not that there is an entire absence of necessary facts, but rather that they are inartistically stated in the form of conclusions of law. Aside from the fact that the ruling excluding the ballots was not at all placed upon the insufficiency of the pleading, it appears that upon the motion to quash, which amounted to a demurrer, the court held the complaint sufficient. Having done this, justice requires that an appellate court should also treat it as sufficient, as otherwise the pleader would lose all right of amendment.

In the case at bar the court ruled that the plaintiff's complaint was sufficient, but that the plaintiff must prove that ballots were called and counted for Bray which should have been counted for Schneider, and ruled that the ballots were "utterly immaterial" as evidence to prove these alleged facts. The ruling that the ballots were immaterial, and the ruling excluding them as evidence, and the order dismissing the case are error; and such ruling and order and the judgment of the district court should be reversed.

It is so ordered.