# CASES

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—DECEMBER TERM, 1898.

## E. K. Hayes et al. v. John N. Morgan et al.

1. MANDAMUS—*When the Writ Will Not Issue.*—A writ of mandamus will not issue unless the party applying for it shows a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced, nor unless it will be effectual as a remedy if enforced, and within the power of the defendant, and his duty also, to do the act.

2. SAME—*To Reverse Action Already Taken.*—Mandamus does not generally lie to reverse action already taken.

3. SAME—*Against Officer of a Private Corporation.*—It will not lie against the tellers at an election of directors held by the stockholders of a private corporation, after their temporary functions cease, to compel them to recanvass the vote cast for directors, nor against the chairman and secretary to compel them to record the result of the recanvass and cause the petitioners to be let into the office of directors.

4. QUO WARRANTO—*When the Proper Remedy.*—Where directors of a corporation are declared elected and wrongfully enter upon their offices, quo warranto is the proper remedy.

5. SAME—*Power of the Court to go Behind the Record.*—In proceeding by quo warranto the court is not bound by the record, but may go behind the face of the returns and ascertain the truth.

6. DIRECTORS—*Title to Offices Must Depend upon the Original Record.*—Directors of a corporation in office at the time of the commencing of proceedings by mandamus, can not be deprived of the *prima facie* title the original record gave them by any change made afterward, pursuant to an order obtained in a suit to which they were not parties.

Mandamus.—Trial in the Circuit Court of Henry County; the Hon. FRANK D. RAMSEY, Judge, presiding. Judgment for relator on demurrer. Appeal by respondents. Heard in this court at the December term, 1898. Reversed. Opinion filed April 11, 1899.

(665)

T. E. Milchrist and N. F. Anderson, attorneys for appellants.

The petition for mandamus must show:

A legal right to have the act done which is sought by the writ.

That the respondent is under a clear duty to perform without any discretion on his part either to refuse or perform, and that the writ will be availing as a remedy. 11 Spelling, Ex. Relief, Sec. 1369.

The writ is never awarded against a private person or one not acting officially. Merrill on Mandamus, Sec. 23.

In election cases, after the canvassers have canvassed the votes cast, declared the result and adjourned, mandamus will not lie to compel them to re-assemble and correct their work though they may have committed error. The meeting in this case adjourned and both the meeting itself as a body and the three tellers became *functus officio*. People v. Reardon, 49 Hun, 425, 430; Oglesby v. Sigman, 58 Miss. 502; People v. Green, 12 Barb. 217; State v. Berry, 14 Ohio St. 315; High on Ex. Rem. (3d Ed.), Sec. 57.

Under State election laws it has been held that the duties of judges and canvassing boards involve both ministerial and judicial duties. A wrongful counting of the votes followed by a declaration as to who was elected is no ground for mandamus. Quo warranto is the proper remedy. Short on Informations, p. 292; People v. Common Council of Detroit, 18 Mich. 338; 11 Spelling, Ex. Relief, Sec. 1559; People v. Reardon, 49 Hun, 425; McCrary on Election (2d Ed.), Sec. 333.

The writ is not a remedy for trying a contested election case. The writ never directs the judges or canvassers how the votes cast shall be counted; the office of the writ is merely to set the board in motion. 11 Spelling, Ex. Relief, Secs. 1557, 1559; People v. Reardon, 49 Hun, 425.

Wilson & Moore, attorneys for appellees, contended that mandamus was the proper remedy for one who claims to have been elected to the office of director of an incorporated

company and who claims to be unlawfully held out of office. Cross v. West Va., C. & P. Ry. Co., 12 So. Rep. 1071; American Digest, 1891, 2847, Sec. 121.

It is the proper remedy for the people when a public officer refuses to perform a duty required of him by law. Iroquois Co. v. Bates, 61 Ill. 490; People v. Johnson, 100 Ill. 537; People v. Ry. Co., 118 Ill. 113.

While it will not lie to compel the performance of acts or duties which necessarily call for the exercise of judgment on the part of the officer or body at whose hands this performance is required, yet if a discretionary power is exercised with manifest injustice, or such discretion is grossly abused, or exercised from selfish and unworthy motives, the courts are not precluded from commanding its due and proper exercise. Such abuse of discretion will be controlled by mandamus. State Board v. People, 123 Ill. 227; Brokaw v. Com., 130 Ill. 482; People v. Com., 158 Ill. 197; Peotone v. Adams, 61 Ill. App. 425; Glencoe v. People ex rel. Owen, 78 Ill. 382.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was a petition filed in the court below by E. K. Haynes, F. E. Dack, R. W. E. Hayes and Harrison Miner, stockholders of "Hayes Pump and Planter Company," of Galva, Illinois, against John N. Morgan, chairman, T. H. Johnston, secretary, and C. A. Hempstead, Will Calhoun and Adam Deem, tellers, seeking a mandamus to compel said tellers to recanvass the votes cast for directors of said corporation at a certain meeting of the stockholders, and to compel said chairman and secretary to record the result of said recanvass, and further to cause petitioners to be let in to the office of director. Defendants demurred to the petition; the demurrer was overruled; defendants elected to abide by their demurrer; and the court awarded a writ commanding a part of what was asked. Defendants appeal.

A special meeting of the stockholders of said company was called for June 28, 1896, to elect directors and transact

other business. Defendant Morgan was elected chairman of that meeting, defendant Johnston, secretary, and the other three defendants to act as tellers at the election of directors. Ballots for seven directors were cast by those stockholders who were present and by those holding proxies of absent stockholders, and said ballots were canvassed by the tellers and they made a report showing the number of votes cast for each candidate, and that E. K. Hayes, S. V. Deem, E. W. Houghton, J. D. Follett, O. E. Yocum, T. H. Johnston and R. W. E. Hayes had received the highest number of votes. Upon motion said parties were declared elected. The secretary was directed to take care of the ballots, and the meeting adjourned. The petition states the number of votes cast for each petitioner, and that the petitioners each had a majority of the votes cast at said election, and were, in fact, elected; that the tellers rejected 2,520 votes cast for the petitioners, and counted some of their votes unjustly and illegally for Houghton, Deem, Johnston, Hempstead, Yocum and Follett. The final order directed a writ commanding said tellers to immediately recount and recanvass the vote cast at said meeting, to count 1,582 votes each for E. K. Hayes and R. W. E. Hayes, 1,581 for F. E. Dack, and 1,583 for Harrison Miner, and to immediately make a full and correct report of said recount and recanvass to said chairman and secretary, and that the latter immediately cause said vote to be recorded.

A writ of mandamus will not issue unless the party applying for it shows a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced, nor unless it would be effectual as a remedy if enforced, nor unless it is in the power of the defendant, and his duty also, to do the act sought to be compelled. (People v. Hatch, 33 Ill. 9, 140.) We are of opinion petitioners have not brought this case within these rules. Morgan and Johnston were chairman and secretary of that meeting only. Their offices as such, expired with its adjournment. There is nothing in the petition to show they now have control of the record or any power to make

therein the entries required by the writ awarded. The tellers were only such for that meeting, and their authority expired with its close. The petition does not show that they have the custody of the ballots or any power to obtain them. Mandamus does not generally lie to reverse action already taken (2 Spelling on Extraordinary Relief, Sec. 1559), and we are of opinion it will not lie against these defendants after their temporary functions at said meeting ceased. Moreover, the result of obedience to the writ would be unimportant and ineffectual. The directors, whose election is here assailed, are none of them parties to this suit, except Johnston, and he only in his capacity as chairman. The others can not be affected by the order in this case or by any action taken in obedience to the writ. If no one had yet taken office as director by virtue of said election, the utmost effect of obedience to the writ awarded would be to give petitioners Dack and Miner an apparent right to the office upon the face of the record.. In the absence of averment we must assume the directors declared elected at once entered upon their said office of director. Resort must be had to quo warranto to oust them. In that proceeding the court will not be bound by the record, but can go behind the face of the returns and ascertain the truth. (2 Spelling on Extraordinary Relief, Sec. 1776; High on Extraordinary Legal Remedies, Sec. 722; People v. Van Cleave, 1 Mich. 362.) The directors who were in office before this petition was filed can not be deprived of the *prima facie* title the original record gave them by any change made afterward pursuant to an order obtained in a suit to which they were not parties. As the petition does not show a clear legal right to have defendants, now out of their temporary office, perform the duty required, nor that Morgan and Johnston have any control over the record or power to amend it, nor the tellers any power to obtain the ballots, and does not show an amendment of the record now would aid Dack and Miner to obtain possession of the office of director, we conclude the writ should not issue. The judgment will therefore be reversed.