[Civil No. 842. Filed March 26, 1904.]

[76 Pac. 463.]

# E. C. AVERYT, Defendant and Appellant, v. FRANK WILLIAMS, Plaintiff and Appellee.

1. ELECTIONS—CONTEST—EVIDENCE—BALLOTS—REGULARLY PRESERVED—ADMISSIBILITY.—Where ballots are preserved in strict accordance with statutory requirements (Rev. Stats. 1901, chap. 10) they are admissible without further proof, and furnish the primary and controlling evidence of the number of votes cast for the respective candidates.

2. SAME—SAME—EVIDENCE—IRREGULARLY PRESERVED—ADMISSIBILITY—BURDEN OF PROOF AS TO IDENTITY—REV. STATS. ARIZ. 1901, PARS. 2389, 2395, DIRECTORY.—The statute, *supra*, requiring that the ballots should be strung, placed in a sealed envelope, indorsed by each member of the election board writing his name across the seal, delivered by some member of the board to the clerk of the board of supervisors, and by him to the county treasurer, is not mandatory, but directory. Where ballots have been irregularly preserved, to render them admissible the burden is upon the party offering them to show that they are the identical ballots cast. The proof must be clear and satisfactory, but the mere fact that they might have been tampered with will not warrant rejection.

3. SAME — SAME — SAME—PRESERVATION—QUESTION OF FACT—APPEAL AND ERROR—REVIEW.—The question of the preservation of ballots in their integrity is one of fact to be determined by the trial judge, and a finding thereon will not be disturbed unless not supported by the evidence.

4. SAME — APPEAL AND ERROR — BILL OF EXCEPTIONS — RECORD. — An assignment of error that the trial court erred in refusing to strike out ballots as evidence on the ground that they did not purport to be official ballots cannot be considered where the ballots are expressly excluded from the bill of exceptions and the record does not disclose whether the ballots were or were not official.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

E. S. Clark, for Appellant.

As between the ballots cast at an election and the canvass of these ballots by the election officers, the former are the primary and controlling evidence.

In order to continue the ballots as controlling evidence, it must appear that they have been preserved in the manner and by the officers prescribed by the statute, and that while in such custody they have not been so exposed to the reach of unauthorized persons as to afford a reasonable probability of their having been changed or tampered with. This is a rule as stated by Judge Brewer and cited with approbation in Illinois and several other states. *Hudson* v. *Solomon,* 19 Kan. 177; *Howser* v. *Pepper,* 8 N. D. 484, 79 N. W. 1018; *Dooley* v. *Van Hohenstein,* 170 Ill. 630, 49 N. E. 193; *Kingery* v. *Berry,* 94 Ill. 515; Cooley on Constitutional Limitations, 6th ed., 788; McCreary on Elections, 4th ed., par. 471; *Murphy* v. *Battle,* 155 Ill. 182, 49 N. E. 470; *Beall* v. *Albert,* 159 Ill. 127, 42 N. E. 166; *Catron* v. *Craw,* 164 Ill. 20, 46 N. E. 3; *Bonney* v. *Finch,* 180 Ill. 133, 54 N. E. 318; *Eggers* v. *Fox,* 177 Ill. 185, 52 N. E. 269.

Henry T. Andrews, and Samuel L. Pattee, for Appellee.

That the ballots themselves are sufficient evidence, if properly admitted, to overthrow the returns of the canvassing board, and that no other evidence need be given, is well settled. *Schneider* v. *Bray,* 22 Nev. 272, 39 Pac. 326.

Statutory provisions as to the preservation of ballots are not mandatory, but merely directory. *People* v. *Higgins,* 3 Mich. 233, 61 Am. Dec. 491; *Hughes* v. *Holman,* 23 Or. 481, 32 Pac. 298.

KENT, C. J.—The appellant and appellee were rival candidates for the office of city assessor and tax-collector of the city of Prescott. As a result of the election, the appellant was declared to have received six more votes than the appellee. The appellee having instituted statutory proceedings in the court below to contest the election, the court, on a recount of the ballots, found that the appellee had received ten more votes than the appellant, and entered judgment declaring that the appellee had been elected to the office. Upon the trial it appeared that certain provisions of the statute respecting the method of preserving the ballots had not been complied

with, and the contestee, the appellant in this court, duly
objected on that ground to the admission by the trial court
of the ballots in evidence, and now by this appeal brings
before us for review the action of the trial court in that
respect.

Our statutes (Rev. Stats. Ariz. 1901, tit. 20, chap. 10) pro-
vide in detail the various steps to be taken in canvassing,
returning, and preserving the votes given at an election.
Among other provisions are the following: The tickets, as
soon as read, must be strung on a string by one of the judges,
and must not thereafter be examined by any person, but
must, as soon as all are counted, be carefully sealed in a
strong envelope, each member of the board writing his name
across the seal. The package so sealed must, before the
election board adjourns, be delivered to one of its members,
to be determined by lot or otherwise, who must, without delay,
deliver such package to the clerk of the board of supervisors
at his office, and upon receipt of the package the clerk must
deposit it in the safe of the county treasurer, who must keep
it unopened and unaltered for six months, after which time,
if there is no contest commenced, he must burn the package
without opening or examining the contents. The evidence
adduced at the trial showed that the election was held on
January 6, 1903, at a building known as Odd Fellows' Hall.
Immediately after the close of the balloting, the election
board, composed of the city council of Prescott, took the
ballot-box to the city hall, and there the ballots were counted,
two of the members of the council calling off the ballots and
handing them to the mayor, who replaced them in the ballot-
box. The box was a steel or iron box having a slit at the top,
with a lid which, when the box was locked, covered the only
opening in the box completely. The box had two locks, with
one key to each lock. At the close of the count the ballots
were placed in the box folded, and the box locked and the
opening completely closed. The ballots were not strung nor
sealed in an envelope, nor were the names of the judges of
election indorsed upon the box, or otherwise. The mayor
then took the key to one lock, and one of the councilmen the
key to the other lock, and these keys remained in their pos-
session and upon their persons until produced in court at
the time of the hearing of the contest. After being locked,

the box remained for ten days in the office of the city clerk, who was not an election officer, the box being placed and remaining on the top of a safe in the main office, to which office four persons only had keys,—to wit, the city clerk, the chief of police, the night watchman, and the city assessor (the appellant),—the room being kept locked in their absence. All four testified that while the box remained in the room there was no change in its condition to their knowledge. Subsequently, about ten days after the election, the city council met as a canvassing board, and canvassed the result of the election, but did not reopen the box, and immediately after the canvass the box containing the ballots was taken by the city clerk to the office of the county treasurer and placed in the vault in his office, to which only the treasurer and his deputy had access. The treasurer testified that no change was made in the condition of the box or the ballots from the time they were delivered to him until they were produced by him in court at the hearing of the contest. There was no evidence that there had been any change in or tampering with the ballots. It therefore appears that the provisions of the statute requiring that the ballots be strung, that they be placed in a sealed envelope, that each member of the election board write his name across the seal, and that on receipt by him the ballots be delivered by the clerk to the county treasurer, were not complied with; and the question to be determined is whether such failure to comply with the requirements of the statute rendered the ballots inadmissible in evidence to contradict or overcome the return of the election officers.

Where an election is contested, our statutes provide for the opening by the tribunal by which the contest is proceeding of the package containing the ballots cast at the election, to the end that evidence may be had of its contents. Rev. Stats. 1901, par. 2396. Where the ballots are preserved in strict accordance with the statutory requirements, they are admissible in evidence without further proof; and, when so admitted, furnish the primary and controlling evidence of the number of votes cast for the respective candidates, and are sufficient in themselves, without further evidence, to contradict and overthrow the returns of the election officers or canvassing board. *Schneider* v. *Bray,* 22 Nev. 272, 39 Pac.

326; *People* v. *Holden*, 28 Cal. 123; *Hudson* v. *Solomon,* 19 Kan. 177. Where the ballots have not been preserved in strict compliance with the statutory requirements, such non-compliance does not of itself render the ballots inadmissible in evidence, for the provisions of the statute in this respect are not mandatory, but directory. The object of the Election Law is to prevent fraud, and to guaranty to the voter the registration and count of his ballot. A construction of the statute that would render it impossible to ascertain the will of the voter as expressed by his ballot, without fault on his part, and would make that ballot inadmissible in evidence solely because of the action of the election officials in failing to comply with certain of the requirements of the statute in respect to the manner of preservation of the ballots, would make it possible for such officers to nullify the will of the voter, or of any number of voters, by a simple departure from some of the requirements of the statute, and would tend to defeat the object of the law. We think that where the requirements of the statute with respect to the method of preservation of the ballots have not been complied with, the object of the statute, to give effect to the expression of the will of the voter, is best subserved by holding that such non-compliance does not necessarily make the ballots inadmissible in evidence, but the burden of proof in such case is cast upon the party offering to introduce them in evidence to show that the ballots offered are the identical ballots cast at the election, and that there is no reasonable probability that the ballots have been disturbed or tampered with; and, if it appears that the ballots are before the court in their integrity, they should be admitted in evidence. The question as to the preservation of the ballots in their integrity is a question of fact to be determined by the trial court as other questions of fact, and the finding thereon is to be reviewed by this court as are findings on other similar questions of fact. The fact that the ballots were so kept as to render it possible that they might have been tampered with is not a fact sufficient in itself to warrant their rejection in evidence; and, while the ballots should not be so received in evidence except upon clear and satisfactory proof of their identity, and similar proof that the circumstances surrounding their keeping were such as to cast no suspicion upon their integrity, when they

have been so admitted this court will not disturb the ruling of the trial court, unless we are satisfied that the finding in that respect is not supported by the evidence.

We find authority in numerous cases for the views we have expressed, among others the following: *Hughes* v. *Holman,* 23 Or. 481, 32 Pac. 298; *Mallett* v. *Plumb,* 60 Conn. 352, 22 Atl. 772; *People* v. *Livingston,* 79 N. Y. 279; *People* v. *Higgins,* 3 Mich. 233, 61 Am. Dec. 491; *Coglan* v. *Beard,* 67 Cal. 303, 7 Pac. 738; *Tebbe* v. *Smith,* 108 Cal. 101, 41 Pac. 454, 29 L. R. A. 673, 49 Am. St. Rep. 68; *Henderson* v. *Albright,* 12 Tex. Civ. App. 368, 34 S. W. 992; *O'Gorman* v. *Richter,* 31 Minn. 25, 16 N. W. 416; *Dorey* v. *Lynn,* 31 Kan. 758, 3 Pac. 557; *Bowers* v. *Smith,* 111 Mo. 45, 33 Am. St. Rep. 491, 16 L. R. A. 754, 20 S. W. 101. In the case at bar the evidence fairly shows that there was no reasonable probability that the ballots had been changed or tampered with, and that they were before the court in their integrity; and, indeed, that such was the fact was practically admitted by counsel for the contestee in the lower court, the claim being there made, and here urged, that as there had been opportunity given for such tampering, and such opportunity was afforded by the failure of the election officers to comply with the requirements of the statute, such opportunity and such failure being shown, the ballots were thereby rendered inadmissible in evidence. With this view we do not agree. Under the evidence in the case, there being nothing tending to show that any of the ballots had been actually altered or changed after being deposited by the voter, and the circumstances surrounding the keeping of the ballots being of such a nature as to warrant the conclusion that there was no reasonable probability of there having been any alteration, but only a possible opportunity for such alteration, we think there was no other course open for the trial court except to receive the ballots in evidence.

The appellant also assigns as error the refusal of the trial court to strike out the evidence of the ballots, on the further ground that the ballots did not purport to be official ballots. The ballots are not before us, and they were expressly excluded from the bill of exceptions, as appears by the certificate thereto attached, and there is nothing in the record from which we can determine whether the ballots were or were

not official. We have therefore nothing before us upon which to consider the error assigned.

The judgment of the district court is affirmed.

Davis, J., and Doan, J., concur.