STATE, EX REL. OVID M. KELLOGG, APPELLEE, V. CHARLES C. BARR, APPELLANT.

FILED FEBRUARY 10, 1912. No. 17,376.

1. **Pleading:** SUFFICIENCY: WAIVER OF OBJECTIONS. If an objection is made to the sufficiency of a pleading because of the omission of an allegation of some material fact, and the fact so omitted is clearly proved without objection, and the objection to the pleading is not brought to the attention of the trial court in the motion for a new trial, the objection is waived.

2. **Quo Warranto:** PARTIES. If the officials refuse to prosecute an action of *quo warranto* to try the right to a public office, the action may be brought by one who claims the right to the office as against the incumbent, and, if he verifies the information and allows it to be filed and the action begun without objection on his part, he is the real party in interest, and it is not necessary to join others who support and assist him.

3. Elections: CONTEST: ADMISSIBILITY OF EVIDENCE. In a trial to determine the result of an election, if the ballots and other records of the election are sufficiently identified, they should not be excluded from the evidence because of the negligence of the officers in caring for the same.

4. Trial: ORDER OF PROOF: DISCRETION OF COURT: REVIEW. The order of proof in the trial of a cause is largely in the discretion of the trial court, and this court will not interefere, unless an abuse of discretion is clearly shown.

5. Evidence: IDENTIFICATION OF RECORDS: PRESUMPTIONS. It will not be presumed that documents received in evidence were not sufficiently identified, unless that fact appears from the record as contained in the abstract.

APPEAL from the district court for Dundy county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Perry, Lambe & Butler, R. D. Druliner* and *Ratcliffe & Ratcliffe,* for appellant.

*P. W. Scott* and *A. T. Cowings, contra.*

SEDGWICK, J.

At an election held in the village of Benkelman in April, 1911, the relator and the respondent were both candidates for election to the office of trustee of the village. The votes were canvassed, and it was declared that each of these parties received the same number of votes, and the respondent, whose term then expired, insisting that there was no election, continued to hold the office. The relator brought this action in the district court for Dundy county to obtain the office. The district court found in his favor, and the respondent has appealed.

The statute provides that a trustee of the village must be 21 years of age, a citizen of the United States, or have declared his intention to become such, "who shall have been an inhabitant and taxpayer of the village at the time of his election and resided therein for three months next preceding." Comp. St. 1911, ch. 14, art. I, sec. 42.

The information alleged that the relator, at the time of the election, "was eligible to be elected to and hold the office of trustee in and for the village." It did not allege that the relator was a taxpayer in said village, but alleged all other qualifications required by the statute.

The first contention is that the information was insufficient in not alleging that the relator was a taxpayer; that the allegation above quoted was a mere conclusion of law and was insufficient. It is of course necessary to plead facts and not conclusions, and it would no doubt be better practice to allege the specific qualifications required by statute. It is not necessary to determine whether this defect would render the information demurrable, since the evidence shows, and, so far as appears from the abstract, without objection, that the relator had resided in the village for several months, and had been assessed for taxes soon after the election, and this assessment is required to be made upon property owned on the first day of April, which was prior to the election. This is conclusive that he was a taxpayer in the village at the time the election was held. The supposed defect in the petition was not brought to the attention of the court in the motion for new trial. The error, if any, was waived.

It is contended, and strenuously argued in the brief, that the plaintiff "was not the real party in interest" in this litigation, and that the county attorney had not refused or neglected to begin and prosecute the action. The county attorney was requested to bring the action at a date earlier than it was begun, but refused to so do. The fact that the information had been signed by the relator before this request was made, upon the understanding that the county attorney was not interested and would not prosecute the action, is immaterial.

The respondent alleged in his answer, and offered to prove on the trial, that there was a contest pending in the village as to whether saloons should be licensed for the ensuing year, and that parties interested in that contest desired the relator to become a member of the village

board, and encouraged the prosecution of this action, employed counsel and assisted in expenses and that relator declared himself indifferent in regard to the office. The trial court held that these facts were immaterial, and we think properly. The relator signed and verified the information and has a direct legal interest in the action. It is to be presumed that those who voted for the relator would desire him to qualify and hold the office, but this does not constitute such a direct legal interest as to make them necessary parties to the litigation.

It is contended that the ballots offered in evidence had not been properly preserved by the officials. They were not promptly delivered to the clerk after the votes had been canvassed, and the clerk left them in the vault of a bank in care of the bank officials. The respondent is right in supposing that great care should be used by public officials in preserving the ballots and other records of a public election, but there is no evidence that the relator was in any way connected with any supposed negligence of the officials; and, if the ballots and other records are fully identified, he ought not to be deprived of his right to be heard in court on account of the neglect of those officials whose duty it was to take greater care. The court was clearly right in overruling this objection.

It is insisted that the court erred in allowing a recount of the ballots before any showing was made that such recount would change the result. This objection relates to the order of proof, which is largely in the discretion of the trial court. The whole evidence shows that a recount would and ought to change the result, and we cannot see that the court abused its discretion in the order of proof.

It is also urged that the ballots and the envelopes which contained them were not sufficiently identified. One of the canvassing board was called as a witness, and testified that the ballots were placed in envelopes, and identified the envelopes and testified that some of the writing on the, envelopes was in his handwriting. The abstract does not show what the indorsements on these envelopes were, but

it does show that the ballot which was in dispute was indorsed by two persons, one of whom was a judge of election, but the abstract does not show whether the other person was or was not a judge of election. The appellant prepared an abstract, which omitted important matters bearing upon the point which he seeks to present here. The appellee prepared and filed a supplementary abstract, which is not criticised by the appellant. We do not find from these abstracts that any error was committed requiring a reversal of the judgment. The costs of both abstracts should be taxed against the appellant.

The judgment of the district court is

AFFIRMED.