Richmond v. Breithaupt.

---

JOHN K. RICHMOND, APPELLEE, v. ULYSSES C. BREITHAUPT, APPELLANT.

FILED OCTOBER 20, 1923. No. 23424.

1. **Elections**: EVIDENCE: BURDEN OF PROOF. The ballots are the original evidence of the votes cast at an election, and upon a contest the burden is upon the contestant to establish that the ballots are those that were cast at the election and that they are in the same condition as when cast.

2. ———: ———: BALLOTS. If when the ballots are produced in court they are properly and sufficiently identified, have substantially been kept as required by law, and the court is satisfied from the evidence that they have not been tampered with but are in the

same condition as to markings as when cast, they should be admitted in evidence, but unless such facts are made manifest with reasonable certainty, the ballots should be rejected.

3. ———: CONTEST: PROOF. Unless the parties stipulate otherwise, all the evidence must be produced upon which the contestant relies. The stipulation set forth in the opinion in this case is not sufficient to relieve the contestant from this duty.

APPEAL from the district court for Harlan county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed.*

*Bernard McNeny* and *J. G. Thompson,* for appellant.

*O. E. Shelburn, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ., SHEPHERD, District Judge.

LETTON, J.

This is an appeal from a judgment of the district court, on appeal from the county court, in a contested election proceeding. Contestee, Breithaupt, upon the official returns, appeared to be elected county clerk of Harlan county. The returns showed that he had received 1,524 votes, and that Richmond, the contestant, received 1,518. A certificate of election was duly issued to the contestee. It was alleged by the contestant that illegal votes were received in each of 16 townships of the county sufficient to change the result; that legal votes cast for him were rejected; that votes were erroneously counted for the contestee, and that a proper canvass would change the result and show the election of the contestant. The answer was practically a general denial, with an affirmative plea that none of the ballots except in two precincts had been sealed and preserved as required by law, and that they had been tampered with and changed. The contestant was declared elected in the district court, and contestee appeals.

At the beginning of the trial in the district court, the parties entered into a stipulation of which the following is the material portion:

"It is hereby stipulated * * * that, after the

filing of the contest herein and the filing of the answer of the contestee, the following stipulation was filed by the parties hereto in the county court of Harlan county, Nebraska (omitting caption):

"The parties in the above entitled case agree that the hearing in said case commence on November 29, 1922, and that in the recount either party may take exceptions to the counting of any ballot counted or to the rejection of any ballot rejected, and when any such exception is taken that a record be made sufficient to show the facts with reference to the ballot in question and the objections thereto and said ballots be laid aside until final count is completed. It is further agreed that upon the completion of the recount in the county court of Harlan County, Nebraska, a record be made of the number of unquestioned ballots for each of the parties and of the decision as to the questioned ballots, and if the defeated party desires to appeal from the decision of the county court, said record, together with the ballots in question, the facts with relation thereto and the objections of the parties with reference to such ballots may be used as evidence on appeal. Said questioned ballots to be properly returned to the county clerk with all ballots but to be inclosed in separate marked envelopes. (Signatures.)

"That pursuant to the above stipulation the ballots of all the precincts of Harlan county, Nebraska, were counted by the county judge with the assistance of tellers agreed upon by the parties."

Contestant then offered testimony of the county judge as to the result of the recount of the ballots of Sappa township. Objection was made to this testimony as incompetent, but the witness was permitted to testify. One of the men who had acted as teller in the county court was handed a tally sheet of the recount which he had kept and had delivered to the county judge. When asked whether it was a correct statement of the result of the recount, the contestee made the objection

that the evidence was incompetent and no foundation laid, and renewed this objection to every question as to the result of the recount, and to the offer of the tally sheet. These objections were all overruled. The envelope containing 25 rejected and questioned ballots was then offered in evidence with the ballots it contained, to which offer the same objection was made. The county judge also testified, over objection, as to which of these ballots were accepted and counted, and for whom, and which were rejected, stating also from which township the ballots came.

The evidence in the county court was not preserved as a part of the record by a bill of exceptions. The ballots, except the 25 mentioned, were not produced at the trial; the contestant insisting that by the terms of the foregoing stipulation he was relieved from the necessity of adducing them as evidence.

In a contest of an election, in which a recount of the ballots is necessary, the original ballots should be brought into court and should be produced in the same condition and in the same receptacles as returned by the election officials, unless otherwise agreed to by the parties. "As between the ballots cast at an election, and a canvass thereof by the election officers, the former are the primary and controlling evidence; but in order that they may continue controlling evidence it must appear that they have been preserved in the manner and by the officers prescribed by the statute." *Albert v. Twohig*, 35 Neb. 563. See, also, *Martin v. Miles*, 40 Neb. 135. The strictness of this rule as to sealing and preservation has been somewhat relaxed in *State v. Barr*, 90 Neb. 766.

The statutory provisions relating to elections are not mandatory, but directory. *State v. Russell*, 34 Neb. 116. With the change in the methods of voting and the additional protection against fraud furnished by the Australian ballot law, there seems to be sound reason for holding that, if the ballots are clearly identified, which

they may be by an inspection of the signatures of the election officials on the back, and the trial court is fully satisfied that they have not been tampered with or altered in any way, the voter ought not to be deprived of his vote on account of the neglect of those officials whose duty it was to properly preserve the ballots. While this is so, election officials should follow the statute strictly, and perform their duty as prescribed therein. Negligence in this respect almost invariably gives rise to controversies such as have arisen in this case. Such controversies are detrimental to public interest, and tend to create discord, bitter feeling and public dissatisfaction. Upon a retrial of the case, if the ballots are properly and sufficiently identified, and the court is satisfied from the evidence that they are in the same condition as to markings as when cast, they should be counted; but, if this is not made manifest with reasonable certainty, they should be rejected. *Strubinger v. Ownby*, 290 Ill. 380; *Thomas v. Marshall*, 160 Ky. 168; *Newhouse v. Alexander*, 27 Okla. 46, and note 30 L. R. A. n. s. 602; *Averyt v. Williams*, 8 Ariz. 355.

Does the stipulation entered into relieve the contestant from the production of the ballots? We think not. The stipulation does not bind the contestee to accept as final the recount of the ballots in the county court, nor does it require the appeal to be tried solely upon an inspection of the questioned ballots, nor solely upon the record of the county court, nor that objections may not be made to the counting of any ballots produced. There is not a word in it which provides that the ballots are not to be produced. An appeal in such a proceeding, under such issues as presented here, brings up the whole case for trial *de novo* in the district court. Unless the parties stipulate otherwise, all the evidence must be produced upon which the contestant relies. *Griffith v. Bonawitz*, 73 Neb. 622. The contestant must establish that he has been elected, and the ballots are the primary evidence upon which he must rely. The burden

is upon him to show that the ballots produced are the identical ballots cast and that they are in the same condition as when cast. The official returns must be taken as true in this proceeding until a recount in the district court establishes otherwise. The contestee in any such case is entitled to raise objections to the recount based upon the manner in which the ballots have been preserved, and, unless they are admissible under well-settled rules, they are not entitled to be counted.

The ballots not having been produced in evidence, and there being no agreement that the result of the recount should be taken as true and correct, there is not sufficient evidence to overcome the official returns, and the judgment must be reversed.

Evidence was produced as to the manner in which the ballots of Alma and other townships had been kept, but since the evidence upon a retrial may not be identical, and the issue is not really presented in this appeal, the ballots not having been offered, we can only state the legal principles which govern, leaving them to be applied if a question as to the admissibility of such ballots arises upon a retrial of the issues.

In order to avoid contention at another trial as to the ballots examined and passed upon by the district court, it may be added that, if it is established by the testimony that the statement on the back of exhibits 7 and 8, that the voter was incompetent to mark his ballot and was assisted, is proved to have been placed there by the proper election officials, these ballots should not be rejected on account of such marking, if otherwise properly identified. As to the other ballots upon which the district court passed, we have reached the same conclusion as did that court.

Reversed.